Kristi SCHOENLEBER, individually,
and Alan Hendrickson, individually,
Plaintiffs,

v.

HARRAH'S LAUGHLIN, INC.,
et al., Defendants.

No. CV S 04 0121 RLH RJJ.

United States District Court,
D. Nevada.

March 24, 2006.

E. Brent Bryson, E. Brent Bryson, Ltd., Las Vegas, NV, for Alan Hendrickson, Kristi Schoenleber, Plaintiffs.

David M. Jones, Rawlings Olson Cannon, et al., James R. Olson, Rawlings Olson Cannon, et al., Las Vegas, NV, for Harrah's Laughlin, Inc., Defendant.

### CORRECTED ORDER

(Motion for Summary Judgment-
# 19 Motion to Strike-# 55)

HUNT, District Judge.

Before the Court is Defendant Harrah's Laughlin, Inc. (Harrah's) **Motion for Summary Judgment** (# 19), filed October 12, 2004. The Court has also considered Plaintiffs' Opposition (# 20), filed October 29, 2004; Plaintiffs' Supplement (# 25), filed January 10, 2005; Defendant Harrah's Supplement (# 43), filed June 10, 2005; Plaintiffs' Opposition to Supplement (# 45), filed July 15, 2005; Defendant Harrah's Reply (# 46), filed August 10, 2005; Defendant's Supplement (# 53), filed February 9, 2006; Plaintiffs' Opposition (# 54), filed March 2, 2006; Defendant's Reply (# 55), filed March 6, 2006; and the hearing that was held on March 20, 2006.

Also before the Court is Defendant's **Motion to Strike** (# 55). The Court has also considered Plaintiffs' Opposition (# 57), filed March 17, 2006.

### BACKGROUND

The incident that gave rise to the instant lawsuit occurred on April 27, 2002, while Plaintiffs Kristi Schoenleber and Alan Hendrickson were attending the annual "River Run," an event held for motorcycle enthusiasts in Laughlin, Nevada. Plaintiffs allege that they were playing blackjack near Rosa's Cantina when a fight erupted between two rival motorcycle gangs. Plaintiffs claim they received injuries during the fight and suffered mental injury and anguish from witnessing the fight.

On October 2, 2003, Plaintiffs brought suit against Defendant, alleging state law claims of premises liability, negligent training, negligent supervision, negligence, and negligent infliction of emotional distress. On January 30, 2004, Defendant removed the case to federal court. On May 19, 2004, Plaintiffs' Motion to Remand was denied. On October 12, 2004, Defendant filed the instant Motion for Summary Judgment, claiming that Plaintiffs are collaterally estopped from re-litigating the issues of reasonable foreseeability and negligence.

### DISCUSSION

**I. Motion to Strike**

Defendant moves this Court to strike Plaintiffs' Opposition to Defendant's Second Supplement in Support of Summary Judgment, or in the alternative, to Reply. The Court will deny the motion to strike

and will, instead, consider Defendant's Reply.

## II. Motion for Summary Judgment

Defendant argues that summary judgment is proper because Plaintiffs are collaterally estopped from pursuing their claims against Defendant, given the verdict returned in favor of Defendant in a separate civil trial brought in federal court, *Yvette Barreras v. Harrah's Laughlin, Inc.*, Case No. CV–S–03–0661–RLH–PAL (hereinafter *Barreras*), where the plaintiff alleged the following causes of action: negligence, premises liability, fraud, negligent misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress. In the Special Verdict Form, the jury answered "No," to the following question: "Were the criminal actions of Mongols and Hell's Angels reasonably foreseeable to Harrah's?" (Def's.Suppl., Ex. B).

Defendant states that in a similar case, *Sweers v. Harrah's*, Case No. CV–S–04–0378–RCJ–RJJ, Judge Jones granted Defendant's Motion for Summary Judgment on the basis that Plaintiffs could not establish the applicable standard of care or that Defendant's conduct fell below the applicable standard of care. Defendant further states that two of its motions for summary judgment filed in federal court have been granted on the basis of collateral estoppel in two cases arising out of the 2002 Laughlin River Run: *Nolan v. Harrah's*, Case No. CV–S–02–1611–PMP–LRL and *Alcantar v. Harrah's*, Case No. CV–S–03–1195–HDM–RJJ. Further, Defendant states that two of its motions for summary judgment filed in state court have also been granted on the basis of collateral estoppel: *Salvador Barreras v. Harrah's*, Case No. A484654 and *Collins v. Harrah's*, Case No. A472232.

Defendant argues that federal law regarding collateral estoppel should apply because "[w]here a federal court has decided the earlier case, federal law controls the collateral estoppel analysis." *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir.1996). Plaintiffs argue, however, that "a federal court sitting in diversity must apply the res judicata law of the state in which it sits." *Priest v. Am. Smelting & Ref. Co.*, 409 F.2d 1229, 1231 (9th Cir.1969). The Court notes, however, that the cases cited by the Parties are not on point. The cases cited by Defendant dealt with situations where both the prior case and subsequent case were brought in federal court under federal question jurisdiction. *McQuillion v. Schwarzenegger*, 369 F.3d 1091 (9th Cir. 2004) and *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir.1996). On the other hand, the cases cited by Plaintiffs dealt with situations where the prior case was not brought in federal court and the subsequent case was brought in federal court under diversity jurisdiction. *Priest v. Am. Smelting & Ref. Co.*, 409 F.2d 1229 (9th Cir.1969) and *Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173 (9th Cir.2002).

The Court now determines whether federal or state law regarding collateral estoppel, also known as issue preclusion, applies. The Ninth Circuit case *Bates v. Union Oil Co. of California*, 944 F.2d 647 (9th Cir.1991) provides the Court with guidance regarding the question of whether federal or state law determines the preclusive effect of a prior federal diversity judgment in a subsequent federal diversity action. In *Bates*, the Ninth Circuit held that "[i]n a subsequent diversity action … the forum state's law applies to determine the preclusive effect of a previous judgment," *id.* at 649, where the previous judgment was brought in federal court under diversity jurisdiction. *Id.* at 648. Thus, the Court applies Nevada law to determine the preclusive effect of the previous federal judgment; however, in Nevada, federal law is applied to determine the preclusive effect of a prior feder-

al judgment. *Clark v. Columbia/HCA Information Services,* 117 Nev. 468, 481, 25 P.3d 215. Accordingly, federal law regarding collateral estoppel will be applied to the present case.

 Collateral estoppel bars "the *re-litigation* of an issue that has been *actually* litigated and *necessarily* decided." *Clements v. Airport Authority of Washoe County,* 69 F.3d 321, 330 (9th Cir.1995). Under federal law,

> Three factors must be considered before applying collateral estoppel: " '(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.' "

*McQuillion,* 369 F.3d at 1096 (citations omitted). The doctrine of privity extends collateral estoppel to a non-party where the relationship is one of "substantial identity" between the parties and the non-party had a sufficient interest and participated in the prior action. *U.S. v. ITT Rayonier,* 627 F.2d 996, 1003 (9th Cir. 1980). "Courts have recognized that a non-party may be bound if a party is so closely aligned with its interests as to be its 'virtual representative.' " *Id.* at 1003.

> "A non-party can be bound by the litigation choices made by his virtual representative," *id.* [, *Irwin v. Mascott,* 370 F.3d 924] at 929 [(9th Cir.2004)], only if certain criteria are met: "[A] close relationship, substantial participation, and tactical maneuvering all support a finding of virtual representation; identity of interests and adequate representation are necessary to such a finding." *Id.* at 930.

*Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1053–1054 (9th Cir.2005),

citing *Irwin v. Mascott,* 370 F.3d 924 (9th Cir.2004).

 Plaintiffs do not address or contest that the present issues of foreseeability and negligence are identical to the ones alleged in the prior litigation or that the determination of the issues in the prior litigation was a critical and necessary part of the judgment in the earlier action. Rather, Plaintiffs argue that collateral estoppel is not proper because the *Irwin* factors establishing who is a "virtual representative" are not met. The Court thus focuses its discussion on whether Yvette Barreras can be considered the virtual representative of Plaintiffs so as to apply collateral estoppel.

Defendant argues that although Plaintiffs were not parties to the prior litigation in the *Barreras* case, Barreras was the "virtual representative" of Plaintiffs because her interests are closely aligned with Plaintiffs. Defendant asserts that both Barreras and Plaintiffs were guests at Harrah's during the 2002 Laughlin River Run and allegedly incurred damages arising out of the gang fight between the Mongols and Hell's Angels that occurred at Harrah's. Defendant also asserts that both Barreras and Plaintiffs claim that Defendant owed them duties of care arising out of the alleged foreseeability of the criminal actions of the Mongols and Hell's Angels and that Defendant was negligent. In addition, Defendant contends that because Plaintiffs substantially participated in the *Barreras* case through consolidated discovery, Plaintiffs were adequately represented in *Barreras.* Further, Defendant contends that Plaintiffs tactically maneuvered to present the most sympathetic case first.

Defendant argues that not all of the *Irwin* factors need be present for privity to exist. In *Shaw v. Hahn,* 56 F.3d 1128, 1131 (9th Cir.1995), the Ninth Circuit af-

firmed the district court's dismissal of plaintiff's civil rights action under the doctrine of issue preclusion. There, the plaintiff, an African–American, alleged that her equal protection rights were violated after being excluded by peremptory challenge from serving on a jury. *Id.* at 1131–1132. Shaw was represented by the same attorney who represented the plaintiffs in the prior litigation. *Id.* at 1132 n. 6. The Ninth Circuit found that Shaw had sufficient identity with the interests of plaintiffs in the prior action and that the representation in the prior action was adequate, such that privity existed. The Court noted that "the excluded juror and the criminal defendant have a common interest in eliminating racial discrimination from the courtroom." *Id.* at 1132, citing *Powers v. Ohio,* 499 U.S. 400, 413–14, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Specifically, the Ninth Circuit found that "[a] litigant raising a Batson objection shares a sufficient commonality of interest with the venireperson to act as her 'virtual representative' for purposes of litigating her equal protection claim." *Id.* at 1132.

Plaintiffs contend that the factors establishing privity or virtual representation are not met. First, Plaintiffs argue that there is no familial or legal relationship between the named parties and the non-parties. Plaintiffs distinguish *Shaw* from the present situation by arguing that there the non-party was actually present in the prior action. Plaintiffs argue that here they were not present nor allowed any participation in the *Barreras* action. Plaintiffs further argue that *Shaw* does not address multiple plaintiffs in different actions arising out of the same nucleus of facts. Plaintiffs also argue that if *Shaw* were applied to factual situations such as the instant case, it would create an enormous impact on how Federal courts handle multiple plaintiffs in separate causes of actions arising out of the same incident.

Second, Plaintiffs argue that there was no substantial participation or control as evidenced by Defendant not allowing Plaintiffs to attend the trial depositions of witnesses for the *Barreras* action. Third, Plaintiffs argue that they did not participate tactically in the advancement of the prior action because they were not yet consolidated with the other cases at the time of the scheduling order and had no participation in its creation. Finally, Plaintiffs argue that there is a divergence of interests between the named parties and the non-parties because Yvette Barreras was affiliated with rival gang members and Plaintiffs were innocent bystanders. Plaintiffs thus assert that adequate representation of their interests could not have occurred because Yvette Barreras could not claim that she was an innocent victim.

The Court does not find Plaintiffs' arguments persuasive. In this situation, the issue of foreseeability is independent of whether the individual victims were affiliated with a gang or not. Thus, Plaintiffs and Yvette Barreras share a sufficient commonality of interest with one another such that Yvette Barreras acts as Plaintiffs' "virtual representative" for the purpose of bringing suit against Defendant. Specifically, both Plaintiffs and Yvette Barreras were guests at Harrah's who allegedly incurred damages as a result of the ensuing fight between the Mongols and Hell's Angels. Moreover, Yvette Barreras shares a common interest with Plaintiffs in arguing that Defendant had a legal duty to protect its guests and that the gang fight was reasonably foreseeable. As a result, Plaintiffs' interests were adequately represented in the prior action.[1] Thus, the Court finds that privity has been estab-

---

1. The Court notes that while Plaintiffs claim that their rights were not adequately repre-

sented in the *Barreras* action, Plaintiffs con-

lished so as to make collateral estoppel proper. *See Shaw,* 56 F.3d at 1131 (applying collateral estoppel where privity established from identity of interests and adequate representation of those interests). Accordingly, Plaintiffs are collaterally estopped from re-litigating the issues of foreseeability and negligence.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (# 19) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (# 55) is DENIED.

cede that Yvette Barreras' interests were adequately represented.