MICHAEL BOWER; ROBERT GARCIA; NOI LEWIS; KATHY PACE FULLER; STEVEN MARK FULLER; ANDREA DANIELS; AND DEAN DANIELS, Appellants, v. HARRAH'S LAUGHLIN, INC., A Nevada Corporation, dba HARRAH'S LAUGHLIN HOTEL AND CASINO, Respondent.

No. 49783

MICHAEL BOWER; ROBERT GARCIA; NOI LEWIS; KATHY PACE FULLER; STEVEN MARK FULLER; ANDREA DANIELS; AND DEAN DANIELS, Appellants, v. HARRAH'S LAUGHLIN, INC., A Nevada Corporation, dba HARRAH'S LAUGHLIN HOTEL AND CASINO, Respondent.

No. 50298

September 10, 2009

215 P.3d 709

*E. Brent Bryson, Ltd.*, and *E. Brent Bryson* and *John Thayer Clark*, Las Vegas, for Appellants.

*Olson, Cannon, Gormley & Desruisseaux* and *James R. Olson, David M. Jones*, and *Felicia Galati*, Las Vegas, for Respondent.

## OPINION

By the Court, GIBBONS, J.:

This case arises out of a brawl between two biker gangs, the Hell's Angels and the Mongols. The gangs brawled at Harrah's casino in Laughlin, Nevada, during its annual River Run event in 2002. Several people were killed, and many were injured. As a result, several groups of plaintiffs, who were not directly involved in the brawl, sued Harrah's under various negligence theories. These suits proceeded in California state court, Nevada state court, and Nevada federal court.

Appellant Michael Bower sued in Nevada state court. While his suit was pending, federal and state courts entered judgment on two jury verdicts and several summary judgment motions in favor of Harrah's. In Bower's case, Judge Denton, a state district court judge, denied Harrah's summary judgment motion based on issue preclusion. Bower's case was then consolidated with several other plaintiffs, including Robert Garcia, Noi Lewis, Kathy and Steven Fuller, and Andrea and Dean Daniels (collectively, appellants). The consolidated cases were assigned to a separate state district court judge, Judge Johnson. Judge Johnson then reheard Harrah's summary judgment motion regarding Bower and found in favor of Harrah's based on issue preclusion. The district court also granted Harrah's summary judgment motion regarding issue preclusion as to all plaintiffs and entered final judgment. Then, the district court granted Harrah's summary judgment motion regarding plaintiffs Lewis and Garcia based on the merits of their case. Appellants now appeal.

We first address the district court's rehearing of Harrah's summary judgment motion regarding Bower. We conclude that the district court properly reheard the motion pursuant to NRCP 54(b), and Bower consented to the rehearing, thereby failing to preserve the issue for appeal.

Second, we discuss federal and state issue preclusion. We highlight the difference between the adequate representation exception to federal issue preclusion and the privity requirement of Nevada issue preclusion. Also, we explain that we must analyze federal issue preclusion under *Taylor v. Sturgell*, 553 U.S. 880 (2008), which changed federal issue preclusion law after the district court rendered its decision in this case.

Third, we review the district court's decision granting Harrah's summary judgment, which determined that issue preclusion barred appellants' claims based on prior federal decisions. Applying federal issue preclusion law, we conclude that the district court inappropriately granted Harrah's summary judgment based on issue preclusion because the plaintiffs in the prior federal cases did not adequately represent appellants' interests.

Fourth, we review the district court's decision granting Harrah's summary judgment, which determined that issue preclusion barred appellants' claims based on prior state decisions. Applying Nevada issue preclusion law, we conclude that the district court inappropriately granted Harrah's summary judgment based on issue preclusion because the plaintiffs in the prior state cases were not in privity with appellants.

Fifth, we address the district court's decision granting Harrah's summary judgment regarding plaintiffs Garcia and Lewis based on the merits of their case. We conclude that the district court properly granted Harrah's summary judgment because the Las Vegas Metropolitan Police Department (Metro) was a superseding intervening

cause of Garcia's and Lewis' harm, and therefore, Harrah's is not liable.

Finally, we address the district court's awarding Harrah's attorney fees for defending against appellants' meritless claims and its awarding Harrah's costs as the prevailing party. We hold that the district court erred in granting Harrah's attorney fees because appellants did not unreasonably maintain their claims. Given our decision in this appeal, Harrah's only prevailed against Garcia and Lewis, and therefore, we vacate the costs award against all appellants except Garcia and Lewis.

## FACTS AND PROCEDURAL HISTORY

Two biker gangs, the Hell's Angels and the Mongols, brawled at Harrah's Laughlin Hotel and Casino in Laughlin, Nevada, on April 27, 2002. As a result of that brawl, several plaintiffs filed separate lawsuits in Nevada federal court and state courts in Nevada and California.

Appellants Michael Bower, Robert Garcia, Noi Lewis, Kathy and Steven Fuller, and Andrea and Dean Daniels were not members of either biker gang and were bystanders when the brawl occurred. Appellants brought various negligence claims in Nevada state district court, arising out of physical and emotional harms suffered as a result of the brawl. Specifically, Bower filed claims for premises liability, negligence, fraud, negligent representation, and unfair and deceptive trade practices. Garcia, Lewis, the Fullers, and the Danielses all claimed premises liability, negligent training, negligent supervision, negligence, and negligent infliction of emotional distress.

Bower's case was initially assigned to a Nevada state district court judge, Judge Denton. Harrah's filed a summary judgment motion, which the district court denied. Harrah's then petitioned this court for a writ of mandamus or prohibition, which we denied. *Harrah's Laughlin, Inc. v. Dist. Ct.*, Docket No. 47593 (Order Denying Petition for Writ of Mandamus or Prohibition, October 26, 2006). Subsequently, Bower's case was reassigned to Judge Johnson and consolidated with the other appellants' cases.

While appellants' case was pending in Nevada state district court, Harrah's prevailed in other cases arising out of the same events in both state and federal court. A Nevada federal district court jury and a California superior court jury both returned verdicts for Harrah's. *Yvette Barreras v. Harrah's Laughlin, Inc.*, No. CV-S-03-0661-RLH-PAL (D. Nev. Mar. 18, 2005); *Ramirez v. Harrah's Entertainment, Inc.*, No. 1-02 CV810665 (Cal. Super. Ct. Apr. 28, 2005). The United States district court for the district of Nevada granted Harrah's summary judgment in four separate cases. *Sweers v. Harrah's Laughlin, Inc.*, No. CV-S-04-0378-RCJ-RJJ (D. Nev. Dec. 22, 2004); *Nolan v. Harrah's Laughlin, Inc.*, No. CV-S-02-1611-PMP (LRL) (D. Nev. Jan. 14, 2005); *Alcantar v. Harrah's*

*Laughlin, Inc.*, No. CV-S-03-1195-HDM (RJJ) (D. Nev. June 14, 2005); *Schoenleber v. Harrah's Laughlin, Inc.*, 423 F. Supp. 2d 1109 (D. Nev. 2006). Also, the Nevada state district court granted Harrah's summary judgment in two other cases. *Salvador Barreras v. Harrah's Laughlin, Inc.*, No. A484654 (Nev. Dist. Ct. June 13, 2005); *Collins v. Harrah's Laughlin, Inc.*, No. A472232 (Nev. Dist. Ct. Nov. 21, 2005).

At a hearing, Bower suggested that Harrah's orally move the court to reconsider Harrah's summary judgment motion against Bower, which Judge Denton had previously denied. Bower suggested this after the district court had granted Harrah's summary judgment against all the other plaintiffs to avoid wasting time preparing for trial if summary judgment against him was inevitable. At the hearing, the district court made three rulings. It granted: (1) Harrah's motion to reconsider summary judgment regarding Bower, (2) Harrah's summary judgment motion against all plaintiffs based on issue preclusion, and (3) Harrah's summary judgment motion regarding Garcia and Lewis on the merits of their case. Later, the district court also granted Harrah's post-judgment motion for attorney fees in the amount of $317,621.98, and awarded it costs in the amount of $30,788.55.

## DISCUSSION

### I. *The district court properly reheard Harrah's summary judgment motion regarding Bower*

Judge Denton denied Harrah's summary judgment motion, based solely on issue preclusion, against Bower. Although Judge Denton made no specific findings in the order, during the hearing, he indicated that Bower was not in privity with other plaintiffs in separate cases and that Harrah's standard of care might be different for gang members and nongang members. Bower's case was then consolidated with the other appellants' cases and assigned to Judge Johnson, who reheard the motion. Judge Johnson granted Harrah's rehearing because she concluded it was warranted and because additional facts or events had developed since Judge Denton decided the motion. Upon rehearing, Judge Johnson granted Harrah's summary judgment motion.

Appellants argue that the district court did not have a sufficient basis to rehear Harrah's identical summary judgment motion, which Judge Denton previously decided. Harrah's argues that because Bower requested that Harrah's make the rehearing motion, he is barred from challenging the district court's rehearing of the motion. We agree with Harrah's for two reasons. First, we conclude that Judge Johnson was authorized to rehear the motion under NRCP 54(b), and second, we conclude that Bower consented to the rehearing. We now address each of these issues in turn.

The district court had the authority to rehear the motion under NRCP 54(b). Although the district court did not base its decision on NRCP 54(b) and neither party raised it in their briefs, this court can affirm the district court's decision on alternate grounds. *Hotel Riviera, Inc. v. Torres*, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981). Under NRCP 54(b), in a case involving multiple parties, a district court may revise a judgment that adjudicates the rights of less than all the parties until it enters judgment adjudicating the rights of all the parties. *Mallin v. Farmers Insurance Exchange*, 106 Nev. 606, 609, 797 P.2d 978, 980 (1990) (holding that consolidated cases are one case for appellate purposes and an order resolving less than all the consolidated claims is not a final, appealable order). In this case, Judge Denton's denial of Harrah's summary judgment motion against Bower adjudicated only Bower's rights. We conclude that when the case was consolidated before Judge Johnson, NRCP 54(b) permitted her to review and revise the judgment before she entered final judgment as to all the parties. Therefore, under NRCP 54(b), the district court properly reheard Harrah's summary judgment motion regarding Bower.

Further, we conclude that Bower consented to the rehearing and cannot now complain of error. "A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). At a hearing, Bower suggested that Harrah's orally move the district court to reconsider Harrah's prior summary judgment motion against Bower, which Judge Denton had previously denied. Thus, Bower did not object to the rehearing, and did not preserve the issue for appeal. Although Bower argues that this was a strategic decision, to prevent wasting time preparing for trial if summary judgment against him was inevitable, his consent to the rehearing prevents him from now complaining of the district court's reconsideration.

## II. *Federal and state issue preclusion*

In this case, the district court granted Harrah's summary judgment motion as to all plaintiffs, based on issue preclusion. "This court reviews a district court's grant of summary judgment de novo." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Issue preclusion is a proper basis

for summary judgment. *Kahn v. Morse & Mowbray*, 121 Nev. 464, 474, 117 P.3d 227, 234 (2005). Although whether issue preclusion applies is a mixed question of law and fact, legal issues predominate, and therefore, this court reviews de novo the availability of issue preclusion. *University & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 984, 103 P.3d 8, 16 (2004).

Both federal and state law attempts to restrict the application of issue preclusion to parties whose due process rights have been met, such that it is fair to apply a prior decision in a separate case to their claims. Federal law does this by generally prohibiting the application of issue preclusion to those who were not parties in the prior litigation, but allowing its application if the party's interests were adequately represented in the prior litigation. *Taylor v. Sturgell*, 553 U.S. 880, 892-94 (2008). Nevada ensures due process by limiting the application of issue preclusion to those who were a party in the prior case or who were in privity with a party in the prior case. *Paradise Palms v. Paradise Homes*, 89 Nev. 27, 30-31, 505 P.2d 596, 598-99 (1973). Although both federal and state doctrines of issue preclusion seek to protect parties' due process rights, the terminology and analyses differ. Therefore, we separately discuss the preclusive effect of the prior federal and state decisions.

## A. *Federal issue preclusion*

To establish the preclusive effect of a previous federal decision, a party must demonstrate that the issue he seeks to preclude is (1) "identical to the one alleged in the prior litigation," (2) has "been actually litigated in the prior litigation," and (3) that the resolution of the issue was "a critical and necessary part" of the earlier judgment. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992); *Taylor*, 553 U.S. at 906-07 (noting that the party asserting issue preclusion bears the burden of establishing the elements).

Preclusion is generally prohibited in cases where a party is seeking to assert a judgment against a person who was not a party in the prior case. *Taylor*, 553 U.S. at 892-93. However, there are exceptions where issue preclusion may be applied to nonparties, one of which is adequate representation. *Id.* at 894. Adequate representation only exists when a nonparty was " 'adequately represented by someone with the same interests who [wa]s a party' to the suit." *Id.* (alteration in original) (quoting *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996)). In the instant case, appellants were nonparties in the federal cases relied upon by the district court to apply issue preclusion. Adequate representation is the only exception to the

general rule prohibiting the application of issue preclusion to nonparties that is at issue in this case. *Id.*

Adequate representation is a narrow exception to the general rule prohibiting the application of issue preclusion to nonparties. Recently, in *Taylor v. Sturgell,* the United States Supreme Court clarified the law regarding the circumstances in which issue preclusion applies to persons who were nonparties to the prior case and specifically addressed adequate representation. *Id.* at 892-95. The Court noted that the adequate representation exception only applies if "(1) the interests of the nonparty and her representative are aligned, and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Id.* at 900 (internal citations omitted). In addition, the Court indicated that it sometimes also requires that (3) the nonparty had notice of the original suit. *Id.*

### B.  *State issue preclusion*

In Nevada, issue preclusion requires that (1) an issue be identical, (2) the initial ruling was final and on the merits, (3) "the party against whom the judgment is asserted" was a party or in privity with a party in the prior case, and (4) "the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby,* 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008). Issue preclusion "is based upon the sound public policy of limiting litigation by preventing a party who had one full and fair opportunity to litigate an issue from again drawing it into controversy." *Thompson v. City of North Las Vegas,* 108 Nev. 435, 439-40, 833 P.2d 1132, 1134-35 (1992). This doctrine ends litigation and lends stability to judgments, thus inspiring confidence in the judicial system. *Willerton v. Bassham,* 111 Nev. 10, 19, 889 P.2d 823, 828 (1995). The party seeking to assert a judgment against another has the burden of proving the preclusive effect of the judgment. *Bennett v. Fidelity & Deposit Co.,* 98 Nev. 449, 452, 652 P.2d 1178, 1180 (1982).

Issue preclusion can only be used against a party whose due process rights have been met by virtue of that party having been a party or in privity with a party in the prior litigation. *Paradise Palms,* 89 Nev. at 30-31, 505 P.2d at 598-99. To be in privity, the person must have "acquired an interest in the subject matter affected by the judgment through . . . one of the parties, as by inheritance, succession, or purchase." *Id.* at 31, 505 P.2d at 599; *accord* Restatement (Second) of Judgments § 41(1) (1982) (enumerating rep-

resentatives to include: trustees of an interest to which the person is a beneficiary, someone who the person invested with authority to represent him, a fiduciary to the person, an official or agency legally authorized to represent the person's interests, and a class representative in a certified class action).

## C. *Federal and state issue preclusion in this case*

In determining that issue preclusion barred appellants' claims, the district court employed the federal "virtual representation" analysis under *Irwin v. Mascott*, 370 F.3d 924 (9th Cir. 2004), which was the law at the time of the district court's decision. Appellants argue that Nevada issue preclusion law governs this case and that the district court erred because appellants are not in privity with any of the plaintiffs in the prior cases. Alternatively, appellants argue that should this court apply the federal adequate representation analysis, appellants were not adequately represented by the plaintiffs in the prior cases. On the other hand, Harrah's argues that this court should apply only the federal adequate representation analysis and that prior plaintiffs did adequately represent appellants, such that the district court properly determined that issue preclusion bars appellants' claims. We agree with appellants that issue preclusion does not bar their claims. However, our analysis departs from that of both parties and the district court. Our analysis differs from that of the district court in two respects.

First, the district court erred in applying federal issue preclusion to both state and federal decisions. To determine the preclusive effect of a federal decision, we apply federal law. *Clark v. Columbia/HCA Info. Servs.*, 117 Nev. 468, 481, 25 P.3d 215, 224 (2001). To determine the issue preclusive effect of a state decision, we apply Nevada issue preclusion law. *Clark v. Clark*, 80 Nev. 52, 57, 389 P.2d 69, 72 (1964).

Second, we are applying different law in analyzing the preclusive effect of prior federal decisions because federal issue preclusion law has changed since the district court entered its order. The district court entered its order regarding issue preclusion in 2007. In 2008, the United States Supreme Court issued an opinion in *Taylor*, 553 U.S. 880, which clarified federal issue preclusion law. When the United States Supreme Court applies a rule of law to the parties before it, every court must then give retroactive effect to that decision. *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 89 (1993). Therefore, although *Taylor* was not decided until 2008, it states the rule of law regarding federal issue preclusion and is the law we must apply in deciding this appeal.

III. *The district court erred in granting Harrah's summary judgment motion based on issue preclusion regarding prior federal decisions*

The district court based its decision to grant Harrah's summary judgment motion, in part, on judgments in several prior federal cases. Appellants argue that they were not adequately represented by the plaintiffs in these prior cases, and therefore, issue preclusion is inapplicable. Harrah's argues that the district court properly granted it summary judgment because the prior federal plaintiffs adequately represented appellants' interests. We agree with appellants' argument because we conclude that the prior federal plaintiffs did not adequately represent appellants.

In this case, the district court relied on five prior federal decisions in determining that issue preclusion barred appellants' claims. In *Yvette Barreras v. Harrah's Laughlin, Inc.*, No. CV-S-03-0661-RLH-PAL (D. Nev. Mar. 18, 2005), the jury returned a verdict for Harrah's on similar claims but against different plaintiffs. In four other cases, federal district courts granted Harrah's summary judgment on similar claims but against different plaintiffs. *Sweers v. Harrah's Laughlin, Inc.*, No. CV-S-04-0378-RCJ-RJJ (D. Nev. Dec. 22, 2004); *Nolan v. Harrah's Laughlin, Inc.*, No. CV-S-02-1611-PMP (LRL) (D. Nev. Jan. 14, 2005); *Alcantar v. Harrah's Laughlin, Inc.*, No. CV-S-03-1195-HDM (RJJ) (D. Nev. June 14, 2005); *Schoenleber v. Harrah's Laughlin, Inc.*, 423 F. Supp. 2d 1109 (D. Nev. 2006). We analyze these cases and conclude that none of the plaintiffs in these prior federal cases adequately represented appellants, and the district court erred in determining that these cases barred appellants' claims based on issue preclusion.

A. *The district court erred in finding that issue preclusion barred appellants' claims based on the Yvette Barreras case*

The district court found that the March 2005 decision in the *Yvette Barreras* case barred appellants' claims based on issue preclusion because Yvette Barreras' claims were identical to appellants' claims, and the jury returned a verdict in favor of Harrah's, specifically finding that the brawl was not foreseeable to Harrah's. Appellants argue that Yvette Barreras did not adequately represent their interests, and therefore issue preclusion does not bar their claims. We agree with appellants' argument. We conclude that Yvette Barreras did not adequately represent appellants because she did not know she was representing appellants' interests, the court did not protect appellants' interests, and appellants had no notice of Yvette Barreras' suit.

Harrah's failed to cite to any evidence in the record to establish that Yvette Barreras knew she was representing the appellants' interests. Regarding whether the *Yvette Barreras* court took care to protect appellants' interests, Harrah's argues that discovery in the federal and state cases was consolidated, appellants' attorney was involved in discovery since January 2004, and the cases were essentially treated as a class action. However, Harrah's points to no evidence in the record that appellants' case was consolidated with the *Yvette Barreras* case or that appellants' attorney was involved with discovery in the *Yvette Barreras* case. Also, Harrah's points to no evidence in the record indicating that appellants had notice of Yvette Barreras' suit, and therefore, failed to prove this element of adequate representation.

Thus, Harrah's has failed to establish that Yvette Barreras knew she was representing appellants' interests, that the court took care to protect appellants' interests, or that appellants had notice of her suit. *Taylor*, 553 U.S. at 900. Therefore, Harrah's has not met its burden to establish adequate representation, and nonparty issue preclusion based on the *Yvette Barreras* case does not bar appellants' claims.

B. *The district court erred in finding that issue preclusion barred appellants' claims based on the prior federal summary judgments*

The district court also based its decision, in part, to grant Harrah's summary judgment motion on several federal cases arising out of the same brawl, in which Harrah's prevailed on summary judgment motions. These cases included *Sweers*, *Nolan*, *Alcantar*, and *Schoenleber*.

An issue decided on summary judgment motion has a preclusive effect for issue preclusion purposes. *Scripps Clinic and Res. Found. v. Baxter Travenol*, 729 F. Supp. 1473, 1475 (D. Del. 1990). We discuss each of these prior federal summary judgment decisions separately. Applying the same analysis used above regarding the *Yvette Barreras* case, nonparty issue preclusion was not appropriate regarding the federal summary judgments because the plaintiffs did not adequately represent appellants' interests.

1. *Sweers*

In *Sweers*, the plaintiff sued for negligence and premises liability arising out of the brawl. The district court granted Harrah's summary judgment because it concluded that Sweers failed to prove the standard of care that Harrah's owed its guests and that Harrah's breached that standard of care. Harrah's failed to establish that the plaintiffs in the *Sweers* case adequately represented appellants be-

cause the *Sweers* plaintiffs did not know they were representing appellants' interests, the court did not take care to protect appellants' interests, and appellants did not have notice of the *Sweers* case. *Taylor*, 553 U.S. at 900. Thus, the district court erred by applying nonparty issue preclusion to bar appellants' claims based on the *Sweers* case.

## 2. *Nolan*

The federal court in *Nolan* granted Harrah's summary judgment based on issue preclusion. However, the record is unclear as to the basis for the *Nolan* court's decision. In January 2005, the federal district court in *Nolan* denied Harrah's motion for summary judgment on the merits because there were material facts in dispute, including foreseeability, proximate cause, and whether Nolan committed any wrong. Then in May 2005, the *Nolan* court granted Harrah's renewed motion for summary judgment when Nolan's counsel failed to appear at the hearing. Harrah's states in its answering brief that the *Nolan* court granted Harrah's summary judgment based on issue preclusion, and the district court's order granting Harrah's summary judgment states the same. This contradicts the record, which shows that the *Nolan* court denied Harrah's initial summary judgment motion based on the merits of Nolan's case, and then entered a default judgment against Nolan based on his counsel's failure to appear. Therefore, neither decision appears to be based on issue preclusion. Also, the record does not contain Harrah's initial or renewed summary judgment motion, making it unclear if Harrah's raised issue preclusion below. Therefore, the Nolan case is postured very differently from this case because the district court ultimately entered a default judgment for Harrah's; whereas here, the district court granted Harrah's summary judgment motion based solely on issue preclusion.

Also, Harrah's did not establish that the *Nolan* plaintiffs adequately represented appellants' interests. Therefore, the district court erred in determining that nonparty issue preclusion barred appellants' claims.

## 3. *Alcantar*

The district court also relied on the *Alcantar* case, in which a federal district court granted Harrah's summary judgment motion based on issue preclusion. The *Alcantar* court relied on the prior jury verdicts for Harrah's in the *Yvette Barreras* and *Ramirez* cases in determining that issue preclusion barred Alcantar's claims. However, the *Alcantar* case is both factually and legally distinguishable from this case.

Factually, the *Alcantar* case is distinguishable from this case for four reasons. First, the *Alcantar* plaintiffs and the plaintiffs in *Yvette Barreras* and *Ramirez* were all either members of the Mongols or related to members of the Mongols. Here, none of the appellants were members of or related to members of either biker gang. Second, several of the *Alcantar* plaintiffs testified in the *Yvette Barreras* and *Ramirez* cases. In contrast, none of the appellants testified in prior trials. Third, the same attorney represented the *Alcantar* plaintiffs and the *Yvette Barreras* and *Ramirez* plaintiffs. Here, appellants were not represented by the same attorney as the *Alcantar* plaintiffs. Fourth, the *Alcantar*, *Yvette Barreras*, and *Ramirez* cases were consolidated for discovery purposes; whereas the *Bower* case was not consolidated with the *Alcantar* case. Thus, there are many more factual and procedural connections between the *Alcantar* and *Yvette Barreras* and *Ramirez* cases than there are between the *Alcantar* case and appellants' case.

Legally, the *Alcantar* court's analysis is distinguishable from this case because it applied the ''virtual representation'' analysis set forth in *Irwin v. Mascott*, 370 F.3d 924 (9th Cir. 2004), and determined that issue preclusion was appropriate because: (1) the plaintiffs in *Alcantar* and *Yvette Barreras* and *Ramirez* had a close relationship because they were all members or relatives of the Mongols; (2) the *Alcantar* plaintiffs substantially participated in the prior cases because several of them testified in those cases; (3) the plaintiffs in all three cases participated in tactical maneuvering because they were represented by the same counsel and the cases were consolidated for discovery purposes; (4) all of the plaintiffs had a commonality of interest because they all sought to establish that the brawl was foreseeable, Harrah's owed them a duty, Harrah's breached that duty, the cases arose out of the same nucleus of facts, and the evidence was the same in all the cases; and (5) the *Yvette Barreras* and *Ramirez* plaintiffs adequately represented the *Alcantar* plaintiffs' interests because they were all represented by the same attorney who controlled the discovery and decision making.

In contrast, as discussed above, this court must apply the adequate representation analysis set forth in *Taylor*, 553 U.S. at 900. In this case, Harrah's presents no evidence that the *Alcantar* plaintiffs understood that they were representing appellants or that the *Alcantar* court knew of appellants' cases so that it could protect their interests. The record is also void of any indication that appellants had notice of the *Alcantar* case. Therefore, although the *Alcantar* court found that issue preclusion barred the *Alcantar* plaintiffs' claims, because of the distinguishable facts in the *Alcantar* case and because this court is applying *Taylor*, we conclude that issue preclusion does not bar appellants' claims.

### 4. *Schoenleber*

The district court also relied on *Schoenleber*, 423 F. Supp. 2d 1109, as a basis for issue preclusion of appellants' claims. The *Schoenleber* court granted Harrah's summary judgment based on issue preclusion. *Id.* at 1113-14. Appellants argue that, like in the other cases, the *Schoenleber* plaintiffs did not adequately represent appellants' interests, and the district court erred in barring appellants' claims based on issue preclusion. Harrah's argues that appellants' interests were especially aligned with the *Schoenleber* plaintiffs because the same attorney represented appellants and the *Schoenleber* plaintiffs. Harrah's also argues that the district court took special care to protect appellants' interests because discovery was consolidated in the appellants' and *Schoenleber* cases, appellants' attorney was involved in the discovery process, and the two cases were essentially treated as a class action. We conclude that Harrah's arguments lack merit because representation by the same attorney and the court's alleged treatment of the case as a class action are insufficient to establish adequate representation.

The *Schoenleber* court, like the *Alcantar* court, applied the "virtual representation" analysis under *Irwin*, 370 F.3d 924, and determined that Yvette Barreras virtually represented the *Schoenleber* plaintiffs because both were guests at Harrah's who suffered damage because of the brawl, and they shared a common interest in arguing that Harrah's had a duty to protect its guest and that the brawl was reasonably foreseeable. *Schoenleber*, 423 F. Supp. 2d at 1113. Although this may have been an adequate basis for applying nonparty issue preclusion under *Irwin*, we conclude that it is insufficient to demonstrate the adequate representation exception as clarified in *Taylor*.

Although the same attorney represented the appellants and the *Schoenleber* plaintiffs, the record is void of any indication that the *Schoenleber* plaintiffs knew they were acting as representatives for appellants. In fact, they likely believed the contrary if they knew their attorney was representing appellants but pursuing appellants' claims in a separate state case. Representation by the same attorney does not establish that the *Schoenleber* plaintiffs were representing appellants' interests, that the court protected appellants' interests, or that appellants had notice of the *Schoenleber* case. *Taylor*, 553 U.S. at 900. Therefore, representation by the same attorney is insufficient to establish adequate representation.

Similarly, although discovery was consolidated in the two cases, this is insufficient to prove that the district court was protecting appellants' interests. In fact, in analyzing whether the adequate representation exception applies, the United States Supreme Court has

specifically rejected the "common law kind of class action" concept, holding that class actions are an exception to the general rule against nonparty preclusion because of the due process protections afforded by FRCP 23. *Taylor*, 553 U.S. at 900-01. For a class action to be certified, FRCP 23(a) requires that: (1) the class is so large that joinder is impracticable, (2) there be common questions of law or fact among the class members, (3) the claims and defenses of the representatives must be typical of the class, and (4) the representative parties must be able to fairly and adequately protect the interests of the class. It also provides protections for class members throughout the litigation. FRCP 23. The Supreme Court concluded that a class action not certified under FRCP 23 would not provide the necessary due process protections and would be an expansive application of nonparty preclusion. *Taylor*, 553 U.S. at 900-01. Because appellants' case was not part of a certified class action with the *Schoenleber* plaintiffs, the *Schoenleber* plaintiffs did not adequately represent appellants' interests, and the *Schoenleber* case does not provide an adequate basis for issue preclusion to bar appellants' claims.

IV. *The district court erred in granting Harrah's summary judgment motion based on issue preclusion regarding the prior state decisions*

The district court also based its issue preclusion decision on several state decisions, including a California superior court jury verdict and several Nevada state district court summary judgments in favor of Harrah's. We conclude that the plaintiffs in the other state cases were not in privity with appellants, and therefore, issue preclusion is inapplicable and does not bar appellants' claims.

Regarding the issue preclusive effect of a Nevada or out-of-state judgment, Nevada courts apply Nevada's issue preclusion law. *Clark v. Clark*, 80 Nev. 52, 57, 389 P.2d 69, 71-72 (1964). Thus, Nevada law will determine the preclusive effect of the California superior court jury verdict for Harrah's in *Ramirez v. Harrah's Entertainment, Inc.*, Case No. 1-02 CV810665 (Cal. Super. Ct. Apr. 28, 2005).

A. *The California superior court judgment in Ramirez*

The district court found that the California superior court's jury verdict for Harrah's in the *Ramirez* case barred appellants' claims based on issue preclusion. The district court determined that the claims were almost identical, including negligence and premises li-

ability resulting from injuries and damages sustained in the brawl, and the jury specifically found that Harrah's was not negligent. We conclude that appellants were not in privity with the *Ramirez* plaintiffs, and therefore, issue preclusion is not applicable.

Appellants argue that they were not in privity with Mel Ramirez because he was a member of the Mongols and there is a divergence of interests between an outlaw biker and innocent bystanders. We agree with appellants' argument because Harrah's erroneously relies on federal issue preclusion law in its answering brief, and it failed to prove privity between appellants and Ramirez.

First, Harrah's erroneously relies on federal law in its answering brief, in particular, the Supreme Court's decision in *Taylor*, 553 U.S. 880. As discussed above, it is well established Nevada law that state law applies in determining the preclusive effect of prior state decisions. Although federal law allows nonparty issue preclusion under the adequate representation exception, Nevada requires privity to ensure due process to nonparty plaintiffs. *Paradise Palms*, 89 Nev. at 30-31, 505 P.2d at 599. Nevada has no exception analogous to the federal adequate representation exception. However, much like federal preclusion and the adequate representation exception, Nevada's privity requirement protects nonparties' due process rights.

Second, Harrah's failed to demonstrate privity between appellants and Ramirez. In this case, appellants had no legal or private relationship with Ramirez such that they were in privity with him. In fact, the record is void of any evidence demonstrating that either Ramirez or appellants knew of each other's cases or had any relationship. *See Marine Midland Bank v. Monroe*, 104 Nev. 307, 307-08, 756 P.2d 1193, 1194 (1988) (holding a creditor of a husband and wife was not bound by divorce decree assigning debt to husband because it was not a party to the proceeding). Thus, we conclude that the district court erred when it determined that the *Ramirez* case had a preclusive effect.

Moreover, in Nevada, the negligence issue hinged on foreseeability pursuant to NRS 651.015(1)(a), because to prove Harrah's owed a duty, breached the duty, and caused appellants' harm, appellants had to prove the wrongful act was foreseeable to Harrah's. However, Harrah's provides no evidence regarding what law the California court applied and whether foreseeability was as central to the *Ramirez* case as it was in appellants' case. Further, although discovery was consolidated for liability purposes in several federal and state cases, nothing in the record indicates that the *Ramirez* case was consolidated with these other cases. Therefore, we are convinced that under Nevada law appellants were not in privity with Ramirez.

B. *The Nevada state district court summary judgments in the Salvador Barreras and Collins cases*

The district court cites two Nevada district court decisions in granting Harrah's summary judgment motion based on issue preclusion. It cites to *Salvador Barreras v. Harrah's Laughlin, Inc.*, No. A484654 (Nev. Dist. Ct. June 13, 2005), in which the district court granted Harrah's summary judgment and found that issue preclusion barred Salvador Barrera's claim based on the jury verdict in the *Yvette Barreras* case. It also cites to the decision in *Collins v. Harrah's Laughlin, Inc.*, No. A472232 (Nev. Dist. Ct. Nov. 21, 2005), granting Harrah's summary judgment based on issue preclusion. In *Collins*, the district court found that the issue of foreseeability had been fully litigated in the *Yvette Barreras* case, where a jury found that the criminal acts of the biker gangs were not foreseeable to Harrah's. The *Collins* court also found that all the Harrah's patrons were business invitees of Harrah's and were "sufficiently aligned and related in their common interests" to apply the same foreseeability finding to them. The *Collins* court also noted that two juries, in the *Yvette Barreras* and *Ramirez* cases, found that Harrah's was not negligent.

For the same reasons discussed above regarding the lack of privity between the *Ramirez* plaintiffs and appellants, the appellants were not in privity with the *Salvador Barreras* or *Collins* plaintiffs. Therefore, neither case provides a basis for the application of issue preclusion.

V. *The district court properly granted Harrah's summary judgment motion regarding Garcia and Lewis based on the merits of their case*

After filing its final summary judgment against all plaintiffs based on issue preclusion, the district court then granted Harrah's summary judgment motion regarding plaintiffs Garcia and Lewis based on the merits of their case. Harrah's argued that Metro was a superseding intervening cause of Garcia's and Lewis' harm, and therefore, Garcia and Lewis could not establish proximate cause. The district court did not make any findings of fact or conclusions of law regarding its decision. However, it noted on the record that Metro treated Garcia and Lewis badly, they had settled their federal case against Metro, and it had nothing to do with Harrah's. We conclude that the district court properly granted Harrah's summary judgment because Metro was a superseding intervening cause of Garcia's and Lewis' harm.

A. *Facts of the Garcia and Lewis claims*

Garcia and Lewis were guests at Harrah's, attending the River Run event. They were not involved in the brawl and were not aware

it had occurred when they encountered Metro. Outside the casino, police officers pointed their guns at Garcia and Lewis, told them to put their hands up, and handcuffed both of them. To handcuff Lewis, an officer took her by the arm and pushed her to the ground. During this process, the shoulder straps on her blouse and her bra slipped down her arm, exposing her breast. The officer then walked her to another area with her breast exposed. When Garcia commented to the officers about their rough treatment of Lewis, an officer struck him. The police detained Garcia and Lewis for hours, during which police denied Garcia's requests to return to his room for his evening dose of seizure medication. Garcia then suffered two seizures before an ambulance took him to the hospital. Garcia and Lewis sued Harrah's for premises liability, negligent training, negligent supervision, negligence, and negligent infliction of emotional distress.

### B. *Metro was a superseding intervening cause of Garcia's and Lewis' harm*

Harrah's argues that appellants cannot establish causation because Metro was solely responsible for appellants' harm and was a superseding intervening force regarding any duty Harrah's owed to appellants. We agree.

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). The substantive law determines which facts are material, and an issue is genuine when "a rational trier of fact could return a verdict for the nonmoving party." *Id.* at 731, 121 P.3d at 1031. "To prevail on a negligence theory, a plaintiff generally must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 1100, 864 P.2d 796, 798 (1993). Here, there is no genuine issue of material fact regarding causation, and Harrah's is entitled to judgment as a matter of law.

To prevail on their negligence claims, Garcia and Lewis must prove that Harrah's was the cause in fact and the foreseeable cause of their harm. *Doud*, 109 Nev. at 1105, 864 P.2d at 801. Harrah's was the actual cause of appellants' harm if its actions were a substantial factor in bringing about their injury. *Id.* On the other hand, foreseeability is a policy concern that limits Harrah's liability to only those harms with a reasonably close connection to its breach. *Id.* An

intervening act will only be superseding and cut off liability if it is unforeseeable. *Id.* Thus, under *Doud*, we must examine whether Metro's acts were foreseeable, such that they were not superseding intervening events that would preclude Harrah's liability. *See id.* at 1106, 864 P.2d at 801-02.

To determine whether an intervening cause is foreseeable, we consider several factors. These include whether (1) the intervention causes the kind of harm expected to result from the actor's negligence, (2) the intervening event is normal or extraordinary in the circumstances, (3) the intervening source is independent or a normal result of the actor's negligence, (4) the intervening act or omission is that of a third party, (5) the intervening act is a wrongful act of a third party that would subject him to liability, and (6) the culpability of the third person's intervening act. Restatement (Second) of Torts § 442 (1965). When a third party commits an intentional tort or a crime, the act is a superseding cause, even when the negligent party created a situation affording the third party an opportunity to commit the tort or crime. *Id.* § 448. In such a scenario, the negligent party will only be liable if he knew or should have known at the time of the negligent conduct that he was creating such a situation and that a third party "might avail himself of the opportunity to commit such a tort or crime." *Id.*

Here, Metro's acts were unforeseeable intentional torts and, therefore, were a superseding intervening cause, precluding Harrah's liability. Metro's intervention caused Lewis to be walked by police with her breast exposed, caused them both to be handcuffed and detained, and prevented Garcia from taking his medication, causing him to suffer seizures. This harm is not the type expected from Harrah's negligence in failing to protect its patrons from the criminal acts of the gangs. Harrah's negligence would cause harm such as patrons suffering injuries in the brawl or having their stay disrupted by the brawl. Metro's intentional mistreatment of Garcia and Lewis is extraordinary and outside the type of harm reasonably expected from Harrah's negligence. Also, although Metro's presence may be a normal result of Harrah's negligence, Metro's wrongful treatment of Garcia and Lewis was intentional and independent of Harrah's negligence. Further, Metro was a third party, and Harrah's itself was not involved in the altercation between Garcia and Lewis and Metro. Finally, Metro's treatment of Garcia and Lewis was wrongful and suggests a high degree of culpability. Thus, Metro's acts were unforeseeable because Harrah's could not have anticipated that Metro would take advantage of such an emergency to commit tortious acts against its patrons.

After analyzing these considerations, we are persuaded that there is no genuine issue of material fact regarding the foreseeability of

Metro's actions. Because Metro was a superseding intervening cause of Garcia's and Lewis' harm, they cannot establish causation against Harrah's. Therefore, a reasonable trier of fact could not find for Garcia and Lewis regarding their negligence claims against Harrah's, and Harrah's is therefore entitled to judgment as a matter of law. Thus, the district court properly granted Harrah's summary judgment motion against Garcia and Lewis on the merits of their case.

VI. *The district court abused its discretion by awarding Harrah's attorney fees and costs*

The district court awarded Harrah's a portion of its attorney fees under NRS 18.010(2)(b) because appellants unreasonably maintained their lawsuit. It also awarded Harrah's a portion of its costs under NRS 18.020 as the prevailing party. Appellants argue that the district court abused its discretion by awarding Harrah's attorney fees and costs. Harrah's argues that the district court properly awarded it attorney fees under NRS 18.010(2)(b) because appellants' claims were groundless, and the district court properly awarded it costs as the prevailing party under NRS 18.020. We agree with the appellants' argument regarding attorney fees because we conclude that they did not unreasonably maintain their claims, and therefore, the district court abused its discretion in awarding Harrah's attorney fees. Also, given our decision in this appeal, Harrah's only prevailed against Garcia and Lewis, and therefore, it is only entitled to costs for prevailing against Garcia and Lewis.

A. *Attorney fees*

This court reviews a district court's award of attorney fees for abuse of discretion. *Barozzi v. Benna*, 112 Nev. 635, 638, 918 P.2d 301, 303 (1996). Under NRS 18.010(2)(b), a district court can award attorney fees if a claim or defense is "brought or maintained without reasonable ground or to harass the prevailing party." Although a district court has discretion to award attorney fees under NRS 18.010(2)(b), there must be evidence supporting the district court's finding that the claim or defense was unreasonable or brought to harass. *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1095, 901 P.2d 684, 687 (1995).

The case of *Kahn v. Morse & Mowbray*, 121 Nev. 464, 117 P.3d 227 (2005), is instructive here. In *Kahn*, the appellants sued their prior attorney and his firm for legal malpractice. *Id.* at 467, 117 P.3d at 230. The district court granted the respondent's summary judgment motion based on claim preclusion and later awarded them attorney fees under NRS 18.010(2)(b). *Id.* On appeal, this court affirmed in part, reversed in part, and remanded. *Id.* at 479-80, 117 P.3d at 238. This court concluded that claim preclusion did not bar

some of the claims and reversed the district court's grant of summary judgment. *Id.* at 474, 117 P.3d at 234. Therefore, we held that the district court's decision to award respondents their attorney fees was premature and an abuse of discretion. *Id.* at 479, 117 P.3d at 238.

In this case, the district court awarded Harrah's attorney fees because it found that it was unreasonable for appellants to maintain their claims after other factually similar cases were decided in favor of Harrah's. The district court found that the March 2005 *Yvette Barreras* decision in favor of Harrah's made appellants' claims unreasonable. It determined that appellants should have had notice of the *Yvette Barreras* decision by May 1, 2005, and it was unreasonable for them to maintain their claims after that. Therefore, it awarded Harrah's a portion of its attorney fees from May 1, 2005, forward, totaling $317,621.98.

Like in *Kahn*, we conclude that the district court's award of attorney fees was premature and an abuse of discretion. As discussed above, a decision in a factually similar case with different plaintiffs does not necessarily support issue preclusion. Therefore, appellants had no reason to think that their claims were unreasonable because a jury found in favor of Harrah's in the *Yvette Barreras* case. Further, Judge Denton's denial of Harrah's summary judgment motion against Bower based on issue preclusion supports our conclusion that reasonable minds could disagree as to whether issue preclusion barred appellants' claims. Also, although Garcia and Lewis' claims do not survive summary judgment based on the merits, no evidence suggests that their claims were unreasonable or brought to harass. In conclusion, the decision in the *Yvette Barreras* case had no effect on the reasonableness of appellants' claims. They were reasonable when appellants brought them and remained so despite decisions in favor of Harrah's in factually similar cases with different plaintiffs. Therefore, the district court abused its discretion in awarding Harrah's attorney fees under NRS 18.010(2)(b).

### B. *Costs*

The district court awarded Harrah's costs under NRS 18.020(3) because Harrah's was the prevailing party. We conclude that the district court abused its discretion in awarding Harrah's its costs as to all appellants except Garcia and Lewis because the award was based on the erroneous conclusion that Harrah's was the prevailing party.

This court reviews the district court's determination of allowable costs for abuse of discretion. *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 493, 117 P.3d 219, 227 (2005). Notably, if we reverse the underlying decision of the district court that made the

recipient of the costs the prevailing party, we will also reverse the costs award. *Doud*, 109 Nev. at 1106, 864 P.2d at 802.

Because we determine that issue preclusion does not bar appellants' claims, Harrah's is no longer the prevailing party under NRS 18.020(3) as to all appellants except Garcia and Lewis. We are affirming the district court's grant of summary judgment for Harrah's against Garcia and Lewis based on the merits of their claims, and therefore, Harrah's remains the prevailing party against Garcia and Lewis. We therefore vacate the district court's award of costs to Harrah's as to all appellants except Garcia and Lewis.

## CONCLUSION

We conclude that the district court properly reheard Harrah's summary judgment motion regarding Bower. We also conclude that issue preclusion does not bar appellants' claims based on federal or state law. Further, the district court properly granted Harrah's summary judgment regarding the merits of Garcia and Lewis' claims. Finally, the district court erred in granting Harrah's attorney fees and erred in awarding Harrah's costs as to all appellants except Garcia and Lewis. Accordingly, we reverse and remand to the district court for proceedings consistent with this opinion.

HARDESTY, C.J., PARRAGUIRRE, DOUGLAS, CHERRY, and SAITTA, JJ., concur.