An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LISA WILLIAMS,<br>Appellant,<br>vs.<br>BARRY J. LASKO, D.D.S.,<br>INDIVIDUALLY; AND BARRY J.<br>LASKO, LTD,<br>Respondents. | No. 58971 |
| LISA WILLIAMS,<br>Appellant,<br>vs.<br>BARRY J. LASKO, D.D.S.,<br>INDIVIDUALLY; AND BARRY J.<br>LASKO, LTD,<br>Respondents. | No. 59516 |

**FILED**

MAY 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

These are consolidated appeals from a district court judgment on a jury verdict in a tort action and from a post-judgment order denying a motion for judgment as a matter of law or, alternatively, for a new trial (Docket No. 58971), and from a post-judgment order awarding costs (Docket No. 59516). Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant sued respondents for malpractice after developing severe complications from a dental procedure. Judgment was entered in favor of respondents following a jury trial, and the district court denied appellant's post-trial motion for judgment as a matter of law or, in the alternative, a new trial. Appellant argues on appeal that the district court erred in denying her motion because respondents' expert testimony was not stated to a reasonable degree of medical probability.

"The decision to grant or deny a motion for a new trial rests within the sound discretion of the trial court, and this court will not

14-14042

disturb that decision absent palpable abuse." *Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 424-25 (2007) (internal quotation omitted).

Here, the jury found that respondents did not breach the duty of care and returned a verdict in favor of respondents. Appellant argues that she presented competent expert testimony in support of her claim that respondents breached the duty of care, but that respondents presented no competent evidence in their defense as their expert's standard of care testimony was not stated to a reasonable degree of medical probability. Appellant contends that the district court consequently should have granted her motion for judgment as a matter of law because the evidence overwhelmingly established that respondents breached the duty of care.

Expert testimony on the standard of care in a medical malpractice suit must be made to a reasonable degree of medical probability. *Morsicato v. Sav-On Drug Stores, Inc.*, 121 Nev. 153, 158, 111 P.3d 1112, 1116 (2005). This testimony must express a probability and not speculation or a mere possibility. *Id.* at 157, 111 P.3d at 1115; *see Williams v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___ n.8, 262 P.3d 360, 368 n.8 (2011) (stating that probability requires greater than a 50-percent likelihood and observing that *Morsicato* reversed a district court judgment where an expert could not testify that his theory of causation was more likely than not the factual cause of the plaintiff's injuries).

Here, respondents' expert testimony did not indicate its degree of certainty, and its context did not clearly illuminate whether it was founded on reasonable medical probability. Based on our review of the record, we conclude that the district court abused its discretion in failing to strike this testimony, and appellant should thus have been granted a

new trial.[1] *See Morsicato*, 121 Nev. at 159, 111 P.3d at 1116. Therefore, we reverse the district court's judgment, its order denying appellant's motion for a new trial, and its order awarding costs, and we remand this matter to the district court for a new trial on the issues of the standard of care and causation. *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 494-95, 215 P.3d 709, 726 (2009), *modified on other grounds by Garcia v. Prudential Ins. Co. of Am.*, 129 Nev. ___, 293 P.3d 869 (2013) (noting that a costs award to the prevailing party will be reversed when the judgment in favor of that party is reversed).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]Because the jury could have rejected appellant's expert's theory that respondents breached the standard of care even without respondents' expert's testimony, we cannot conclude that appellant is entitled to judgment as a matter of law on the standard of care. *See Banks v. Sunrise Hosp.*, 120 Nev. 822, 839, 102 P.3d 52, 64 (2004) (explaining that where reasonable people could reach different inferences based on the facts, the matter is one of fact for the jury, and the district court should not grant a judgment as a matter of law). We likewise perceive no error in the district court's decision to deny judgment as a matter of law on causation. *See Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 362, 212 P.3d 1068, 1077 (2009) (providing that a judgment as a matter of law may be entered when "the evidence is so overwhelming for one party that any other verdict would be contrary to the law") (internal quotation marks omitted).

cc: Hon. James M. Bixler, District Judge
Stephen E. Haberfeld, Settlement Judge
Prince & Keating, LLP
Lauria Tokunaga Gates & Linn, LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A