KATHRYN GARCIA, ON BEHALF OF HERSELF AND ALL OTHER SIMILARLY SITUATED NEVADA CITIZENS, APPELLANT, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONDENT.

No. 57779

January 31, 2013                                    293 P.3d 869

*Matthew L. Sharp Ltd.* and *Matthew L. Sharp*, Reno; *Law Offices of Curtis B. Coulter P.C.* and *Curtis B. Coulter*, Reno; *Parry Deering Futscher & Sparks, PSC*, and *Ron R. Parry*, Covington, Kentucky, for Appellant.

*Lewis & Roca, LLP*, and *Daniel F. Polsenberg*, Las Vegas, for Respondent.

Before the Court EN BANC.

# OPINION

By the Court, DOUGLAS, J.:

In this appeal, we examine whether preclusive effect should be given to an order, entered by a federal district court sitting in diversity, dismissing a complaint without prejudice for failure to state a claim. In doing so, we clarify that our holding in *Bower*

*v. Harrah's Laughlin*, 125 Nev. 470, 482, 215 P.3d 709, 718 (2009), which broadly required Nevada courts to apply federal law in determining whether a prior federal court determination should be given preclusive effect, applies only to federal-question cases. When the federal court decides a case under its diversity jurisdiction, we recognize that the United States Supreme Court's decision in *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001), governs the treatment of claim and issue preclusion.

Here, New Jersey preclusion law applies under *Semtek*, and under New Jersey law, appellant would be precluded from relitigating her claims. Accordingly, we conclude that she is precluded from litigating her claims in Nevada. As the district court properly dismissed appellant's claims, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant Kathryn Garcia was the beneficiary of three life insurance policies insuring her husband. Each policy provided for the policy proceeds to be paid immediately or promptly in ''one sum'' upon proof of death; however, they also provided that a beneficiary entitled to receive payment in one sum could elect another payment option.

Upon the death of Garcia's husband in November 2005, respondent Prudential Insurance Company of America sent Garcia its death benefits claim form requesting instruction on how she wished to have the proceeds distributed. This claim form was accompanied by a brochure, explaining six settlement options through which death benefits could be accessed. None of the options presented were for a one-time lump sum payment of the death benefits. The claim form also indicated that Prudential's preferred method of paying death benefits is through the Alliance Account settlement option, which would allow Garcia ''to access all of [her] funds immediately or over time. [Garcia could] leave the money in the account, withdraw the entire amount or write checks against the balance ($250 minimum).'' The claim form further set forth that if Garcia did not elect an alternative settlement option or another payment option allowed in the policy, the Alliance Account settlement option would be the default option and the death benefits would be paid via this method.[1]

Garcia signed the form but did not elect a specific distribution plan. In accord with its default provision, Prudential subsequently provided Garcia with a checkbook and documents which informed

---

[1]The original plan documents did not mention the Alliance Account settlement option as a mechanism of distributing policy proceeds.

her that a personal, interest-bearing Alliance Account had been established in her name. The documents explained that Garcia could write checks as often as she chose against her account balance and that she would ''receive a periodic statement detailing [her] account balance, interest earned, current interest rate, and any other account activity.'' These documents further indicated that Garcia could ''withdraw the entire amount immediately.''

In November 2008, Garcia, a domiciliary of Nevada, filed a complaint against Prudential on behalf of herself and a nationwide class of similarly situated persons in federal court in Prudential's home state of New Jersey. Garcia asserted claims for (1) breach of the life insurance contracts, (2) breach of the Alliance Account contract, (3) breach of fiduciary duty, and (4) unjust enrichment arising from Prudential's Alliance Account program. Prudential filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). In December 2009, the United States District Court for the District of New Jersey granted Prudential's motion to dismiss, noting that the dismissal was ''without prejudice.''[2] *Garcia v. Prudential Life Ins. Co. of America*, No. 08-5756 (JAG), 2009 WL 5206016, at *1 (D.N.J. Dec. 29, 2009) (unpublished decision).

In September 2010, Garcia filed the instant action against Prudential in the Second Judicial District Court of the State of Nevada on behalf of herself and a class of similarly situated Nevada citizens. Garcia asserted claims for (1) breach of fiduciary duty; (2) breach of duties arising from a special, confidential relationship; and (3) breach of the covenant of good faith and fair dealing. Prudential moved to dismiss Garcia's complaint for failure to state a claim pursuant to NRCP 12(b)(5), arguing that her claims were precluded by the federal court decision. Garcia opposed the motion. Following a hearing, the district court granted Prudential's motion and dismissed all of Garcia's claims on issue preclusion grounds, relying on this court's decision in *Bower v. Harrah's Laughlin*.

## DISCUSSION

In 2009, this court, in *Bower v. Harrah's Laughlin*, 125 Nev. 470, 482, 215 P.3d 709, 718 (2009), established that a district

---

[2]The New Jersey federal court applied the rule that ''[a] motion to dismiss for failure to state a claim should be granted only if the party asserting the claim is unable to articulate 'enough facts to state a claim to relief that is plausible on its face.' '' *Garcia*, 2009 WL 5206016, at *4 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This court has not adopted this standard; however, neither party raised the issue of what effect the application of this different standard may have had on the New Jersey federal court's decision. No appeal was taken as to the New Jersey federal court decision.

court is required to apply federal law to determine the preclusive effect of a federal decision. Garcia contends that the *Bower* holding stands in contrast to *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), which allows a district court to apply state law instead of federal law to determine the effects of a dismissal by a federal court. Specifically, Garcia argues that *Semtek* is directly on point, as *Semtek* was a case based on diversity jurisdiction, while *Bower* is distinguishable because it relied on cases whose holdings were premised on federal questions. She argues that this distinction is determinative, and therefore, *Bower* needs clarification by this court. Prudential responds that Garcia's claims are precluded because the New Jersey federal court actually litigated the merits of her claims, which are identical to those presented here.[3]

*Standard of review*

"A district court order granting an NRCP 12(b)(5) motion to dismiss is subject to rigorous appellate review." *Sanchez v. Wal-Mart Stores*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009). In reviewing the dismissal order, this court will accept a plaintiff's factual allegations as true, however, these "allegations must be legally sufficient to constitute the elements of the claim asserted." *Id.* This court applies a de novo standard of review to all questions of law, including to decisions applying issue preclusion principles. *Id.*; *Bonnell v. Lawrence*, 128 Nev. 394, 400-01, 282 P.3d 712, 716 (2012).

*Issue preclusion*

Initially, we acknowledge Prudential's claim that Garcia failed to raise this argument below and agree that "we generally will not address an issue raised for the first time on appeal." *Durango Fire Protection v. Troncoso*, 120 Nev. 658, 661, 98 P.3d 691, 693 (2004). Nonetheless, we elect to address this issue in order to clarify our decision in *Bower v. Harrah's Laughlin*, in light of the United States Supreme Court's decision in *Semtek International Inc. v. Lockheed Martin Corp.*[4]

---

[3]Prudential alternatively argues that Garcia's claims should be dismissed for failure to state viable causes of action. However, in light of our resolution on issue preclusion grounds, we need not address this issue.

[4]Prudential also argues that invited error should prohibit this appeal because Garcia now complains about the application of law that she herself primarily relied upon for support. "The doctrine of 'invited error' embodies the principle that a party will not be heard to complain on appeal of errors which he

### Semtek International Inc. v. Lockheed Martin Corp.

In *Semtek International Inc. v. Lockheed Martin Corp.*, the Supreme Court of the United States considered whether state or federal law governs the claim-preclusive effect given to federal court judgments. Recognizing that it has the "last word on the claim-preclusive effect of *all* federal judgments," the Court held that whether any federal judgment is given preclusive effect is governed by federal common law. *Semtek*, 531 U.S. at 507 (emphasis in original); *see Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."). Thus, as with judgments rendered by a federal court having federal-question jurisdiction, federal common law governs claim preclusion with respect to a judgment by a federal court sitting in diversity. *Semtek*, 531 U.S. at 507, 508.

With regard to federal-question cases, federal common law endeavors to develop a uniform rule of preclusion. *Taylor*, 553 U.S. at 891. Decisions rendered when the federal court is sitting in diversity, however, are, under federal common law, to be accorded the same claim-preclusive effect as a state court decision in the state in which the federal court sits, unless the state law is "incompatible with federal interests." *Semtek*, 531 U.S. at 508, 509. The Court reasoned that "any other rule would produce . . . 'forum-shopping . . . and . . . inequitable administration of the laws.'" *Id.* at 508-09 (second and third alterations in original) (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)); *see also* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4469 (2d ed. 2002). Although *Semtek* involved claim preclusion, it appears that the same rule applies with respect to issue preclusion. *Taylor*, 553 U.S. at 891-92 (discussing *Semtek* in light of issues regarding both claim and issue preclusion). Because here the federal court was sitting in diversity in New Jersey, it follows that the preclusive effect of the federal court's judgment should be determined by the law applied by state courts in New Jersey.

### Bower v. Harrah's Laughlin

In *Bower v. Harrah's Laughlin*, this court recognized that "[t]o determine the preclusive effect of a federal decision, we apply fed-

---

himself induced or provoked the court or the opposite party to commit." *Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345 (1994) (quoting 5 Am. Jur. 2d *Appeal and Error* § 713 (1962)). Here, Garcia neither "provoked" nor "induced" an error to be committed; therefore Prudential's assertion is without merit.

eral law." 125 Nev. at 482, 215 P.3d at 718. *Bower* failed, however, to distinguish the federal law applicable to diversity cases from that applying to federal question cases, and in so doing, it suggested that federal-question caselaw applies to all federal judgments. Accordingly, we revisit and clarify our decision in *Bower*.

In *Bower*, this court found that the district court erred in applying federal issue preclusion to both state and federal decisions.[5] *Id.* at 482, 215 P.3d at 718. We concluded that state law determines the preclusive effect of a state decision, *Clark v. Columbia/HCA Information Services*, 117 Nev. 468, 481, 25 P.3d 215, 224 (2001) (citing *Clark v. Clark*, 80 Nev. 52, 57, 389 P.2d 69, 72 (1964)), but "[t]o determine the preclusive effect of a federal decision, we apply federal law." *Bower*, 125 Nev. at 482, 215 P.3d at 718.

This statement regarding the use of federal law evolved from the Ninth Circuit Court of Appeals decision in *Fireman's Fund Insurance Co. v. International Market Place*, 773 F.2d 1068, 1069 (9th Cir. 1985). There, the court held that "[f]ederal law governs the collateral estoppel effect of a federal case decided by a federal court." *Id.* This statement by the Ninth Circuit was derived from a United States Supreme Court case, which noted that, "[i]n federal-question cases, the law applied is federal law. This Court has noted, 'It has been held in non-diversity cases . . . that the federal courts will apply their own rule of *res judicata*.' " *Blonder-Tongue v. University Foundation*, 402 U.S. 313, 324 n.12 (1971) (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)). Thus, since *Blonder-Tongue* is the root of *Bower*, *Bower* only has precedential effect with regard to federal-question cases. Consequently, the current controlling precedent where diversity jurisdiction is concerned is *Semtek*.

Accordingly, we now clarify *Bower* and recognize that, when a federal court is sitting in diversity, the preclusive effect to be given its judgments is governed by the federal common law declared in *Semtek*, which incorporates "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek*, 531 U.S. at 508. The New Jersey federal dis-

---

[5]*Bower* was initially filed in Nevada state district court. *Bower*, 125 Nev. at 477, 215 P.3d at 715. Subsequently, it was consolidated with other appellants' cases. *Id.* While Bower's case was still pending in Nevada state district court, Harrah's prevailed in both state and federal court in other cases arising out of the same events. *Id.* Harrah's moved for summary judgment as to Bower's case in state district court, arguing for application of issue preclusion based on the federal and state grants of summary judgment in the similar cases. *Id.* at 477-78, 215 P.3d at 715-16. In granting the summary judgment motion, the district court applied issue preclusion based upon the prior state and federal decisions. *Id.* at 479, 215 P.3d at 717.

trict court was sitting in diversity when it rendered the decision at issue. Accordingly, we apply New Jersey issue-preclusion law to determine whether that judgment precludes Garcia's Nevada state court claims.

*Garcia's claims would be precluded under New Jersey law*

Applying New Jersey law, a party asserting issue preclusion

> "must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding."

*Olivieri v. Y.M.F. Carpet, Inc.*, 897 A.2d 1003, 1009 (N.J. 2006) (quoting *Matter of Estate of Dawson*, 641 A.2d 1026, 1034-35 (N.J. 1994)). While the substantive tests for issue preclusion in federal courts and in New Jersey are "quite similar," the Supreme Court of New Jersey stated that adhering to the correct approach is important because it serves as a reminder that a court is constrained by the appropriate court's framework. *Gannon v. American Home Products*, 48 A.3d 1094, 1104 (N.J. 2012).

The issues Garcia asserts in Nevada are identical in substance to those she raised in New Jersey federal court.[6] These issues were litigated in a prior proceeding, and the judgment of the New Jersey federal court is final for issue preclusion purposes.[7] As the New Jersey federal court found that Garcia failed to state a claim upon which relief can be granted, its determinations were essential

---

[6]In New Jersey federal court, Garcia asserted claims for (1) breach of the insurance contracts, (2) breach of the Alliance Account contracts, (3) breach of fiduciary duty, and (4) unjust enrichment. Garcia now asserts claims for (1) breach of fiduciary duty; (2) breach of duties arising from a special, confidential relationship; and (3) breach of the covenant of good faith and fair dealing.

[7]We acknowledge Garcia's argument that the finality requirement is not satisfied because the New Jersey federal court case was dismissed without prejudice. However, the cases that she cites to holding that a dismissal without prejudice is not an adjudication on the merits are cases dealing with claim preclusion and not issue preclusion. "It is widely recognized that the finality requirement is less stringent for issue preclusion than for claim preclusion." *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000). *See In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991) (noting that, under New Jersey law, issue preclusion applies "whenever an action is 'sufficiently firm to be accorded conclusive effect'" (quoting Restatement (Second) of Judgments § 13 (1995))).

to its judgment. Additionally, the parties to the current litigation are the same parties to the prior litigation. Thus, under New Jersey state law, Garcia is precluded from relitigating her claims.

While we conclude the district court erred by applying federal law instead of state law to determine the preclusive effect of the federal court's decision, we hold that it reached the correct result because it correctly determined that Garcia is precluded from relitigating her claims. Accordingly, we affirm the order of the district court.

PICKERING, C.J., and GIBBONS, HARDESTY, PARRAGUIRRE, CHERRY, and SAITTA, JJ., concur.