**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTINA PAULOS, | No.  15-15728 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:13-cv-01546-JCM-PAL |
| FCH1, LLC, a Nevada limited liability company; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a governmental entity; JAKE VON GOLDBERG, an individual; JEFFREY SWAN, an individual; AARON BACA, an individual; and JEANNIE HOUSTON, an individual, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 13, 2017
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ and WATFORD, Circuit Judges, and STATON,** District Judge.

Cristina Paulos appeals the district court's order granting summary judgment in favor of the Las Vegas Metropolitan Police Department and Officers Aaron Baca, Jake Von Goldberg, and Jeffrey Swan.

"We review de novo both the grant of summary judgment and the conclusion that a public employee is entitled to qualified immunity." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011). To overcome the officers' assertion of qualified immunity at summary judgment, Paulos had to demonstrate that, (1) when viewing the facts in the light most favorable to her, a reasonable jury could conclude that the officers engaged in excessive force, and (2) the right was clearly established at the time of the officers' conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). We exercise our discretion to proceed immediately to whether any constitutional right at issue here was clearly established. *See Pearson*, 555 U.S. at 236-42.

An officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the

---

** The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). No decision from the Supreme Court or this Circuit clearly establishes that keeping a suspect on hot asphalt for approximately two minutes and forty seconds after backup officers arrive on the scene constitutes excessive force when the suspect does not inform the officers that the pavement is hurting her. *See, e.g., Alexander v. Cty. of Los Angeles*, 64 F.3d 1315, 1323 (9th Cir. 1995) (reversing a district court's grant of summary judgment when the suspect "repeatedly" asked the officer to loosen his handcuffs because of his medical condition). Nor is there a consensus among other courts that the conduct in question amounts to excessive force. *See Rubio v. Lopez*, 445 F. App'x 170, 173-75 (11th Cir. 2011) (finding no clearly established constitutional violation); *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 990 (8th Cir. 2009) (finding that a reasonable jury could conclude that the officers used excessive force because the plaintiff voiced "persistent, specific complaints").

Paulos's *Monell* claim likewise fails because she did not provide sufficient evidence of a pattern of similar, allegedly unconstitutional conduct, *see Connick v. Thompson*, 563 U.S. 51, 62 (2011), and the Las Vegas Metropolitan Police Department's mere failure to discipline its officers "does not amount to ratification of their allegedly unconstitutional actions." *Sheehan v. City & Cty. of San*

*Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part, cert. dismissed in part*, 135 S. Ct. 1765 (2015).

**AFFIRMED**.