**134 Nev., Advance Opinion 22**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL KIRSCH; AND SIU YIP,
Appellants,
vs.
PETER G. TRABER; JAMES C. CZIRR;
JACK W. CALLICUTT; GILBERT F.
AMELIO; KEVIN D. FREEMAN;
ARTHUR R. GREENBERG; ROD D.
MARTIN; JOHN F. MAULDIN; STEVEN
PRELACK; HERMAN PAUL
PRESSLER, III; DR. MARC RUBIN;
AND GALECTIN THERAPEUTICS,
INC., A NEVADA CORPORATION,
Respondents.

No. 70854

**FILED**

APR 05 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a derivative shareholder action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

*Affirmed.*

Lee, Hernandez, Landrum & Garofalo, A.P.C., and David S. Lee, Natasha A. Landrum, and Dirk W. Gaspar, Las Vegas; Lifshitz & Miller and Edward W. Miller and Joshua M. Lifshitz, Garden City, New York,
for Appellant Michael Kirsch.

Aldrich Law Firm, Ltd., and John P. Aldrich, Las Vegas; The Weiser Law Firm, P.C., and Robert B. Weiser, Brett D. Stecker, and James Ficaro, Berwyn, Pennsylvania; The Weiser Law Firm, P.C., and Kathleen A. Herkenhoff, San Diego, California,
for Appellant Siu Yip.

SUPREME COURT
OF
NEVADA


(O) 1947A

18-12940

Kaempfer Crowell and Ryan W. Daniels and Lyssa S. Anderson, Las Vegas; King & Spalding LLP and Michael R. Smith and B. Warren Pope, Atlanta, Georgia,
for Respondents.

---

BEFORE CHERRY, PARRAGUIRRE and STIGLICH, JJ.

## *OPINION*

By the Court, STIGLICH, J.:

Under the doctrine of issue preclusion, a Nevada court defers to a foreign court's final judgment resolving an issue between litigants if those same litigants previously litigated the same issue before the foreign court. However, the Nevada court does not defer to the foreign court's final judgment if it contravenes a final judgment previously entered by a Nevada court.

The question to be resolved in this appeal is whether a Nevada district court's order denying a motion to dismiss constituted a final judgment on the issue of demand futility. To the extent that we have not previously defined "final judgment" within this context, we take this opportunity to clarify that Nevada applies the definition set forth within section 13 of the Restatement (Second) of Judgments. Applying that definition to the facts of this case, we agree with the district court that its denial of a motion to dismiss was not a final judgment on the issue of demand futility. Therefore, it was proper for the district court to accord preclusive effect to a subsequent final judgment from a foreign court. Accordingly, we affirm.

 

## FACTS AND PROCEDURAL HISTORY

Galectin Therapeutics, Inc. (Galectin) is a pharmaceutical company incorporated in Nevada and headquartered in Georgia. Beginning in October 2013, the directors of Galectin commenced a "stock promotion scheme" in which they published glowing reviews of Galectin in third-party publications. In July 2014, shortly after news of that promotion scheme became public, Galectin's share price dropped approximately 50 percent.

In August 2014, several Galectin shareholders filed shareholder derivative actions against Galectin's officers and directors in the United States District Court for the District of Nevada. Appellant Siu Yip was a named plaintiff in one of those federal cases, which were consolidated and transferred to the Northern District of Georgia.

Shortly after the federal cases were filed, appellant Michael Kirsch filed the instant derivative shareholder suit in Clark County district court against Galectin's officers and directors (here, respondents). In his complaint, Kirsch conceded that he did not make a demand on Galectin's board of directors prior to filing suit. He alleged that such a demand would have been futile. Siu Yip later intervened in Kirsch's suit.

Respondents moved to dismiss Kirsch's complaint pursuant to NRCP 23.1, which requires a plaintiff in a shareholder derivative action either to make a demand upon the corporation's directors prior to filing suit or to plead particularized facts demonstrating that such a pre-suit demand would have been futile. At a hearing on the motion, the district court noted that Kirsch's complaint contained "conclusory allegations" that a pre-suit demand would have been futile. Nonetheless, the district court denied the motion to dismiss, commenting: "The allegations related to the conflicted directors who may face personal liability are not the best I've ever seen, but

Supreme Court
of
Nevada

(O) 1947A

3

they are not enough to merit dismissal at this point." The district court granted Kirsch leave to amend his complaint to add additional plaintiffs, advising him "to beef up [the] factual allegations" in the amended complaint. Finally, the district court sua sponte stayed the case pending a decision in the parallel shareholder derivative action filed in federal court.

The United States District Court for the Northern District of Georgia dismissed the federal action in an order. *See In re Galectin Therapeutics, Inc. Derivative Litig.*, No. 1:15-CV-208-SCJ, 2015 WL 12806566 (N.D. Ga. Dec. 30, 2015). That order held that the Nevada district court's denial of defendants' motion to dismiss was not "a final ruling on the merits with respect to the issue of demand futility." *Id.* at *4. Turning to the merits of the demand futility issue, the federal court "conclude[d] that Plaintiffs have not set forth particularized allegations that a majority of the board of directors face a substantial likelihood of liability." *Id.* at *5.

Armed with the federal court's order of dismissal in the federal action, respondents moved again to dismiss Kirsch's suit, this time on the grounds of issue preclusion. In ruling on that motion, the Nevada district court concluded that "the parties are identical" between the Nevada and federal cases, "the issue of demand futility is identical," and the federal court's dismissal constituted a final order as to the issue of demand futility. Therefore, the district court granted respondents' motion to dismiss. Kirsch and Siu Yip appeal from the order of dismissal.

## DISCUSSION

This case turns on whether the Nevada district court's order was a final judgment on the issue of demand futility.[1] If it was, then the

---

[1]Appellants concede that the federal court's order has preclusive effect if the district court's prior order was not a final judgment.

 

district court erred in according issue preclusive effect to the federal court's subsequent decision. While a district court is free to revisit and reverse its own rulings upon request of a party, *see* EDCR 2.24, it may not reverse its own final judgment simply because a subsequent foreign judgment resolved the issue differently. Reversing on that ground alone would be giving the foreign judgment "greater credit and respect than the prior decree of our own state lawfully entered." *Colby v. Colby*, 78 Nev. 150, 157, 369 P.2d 1019, 1023 (1962). We review de novo the district court's legal conclusion that its order of denial was not a "final judgment" within the context of issue preclusion. *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014) ("We review a district court's conclusions of law, including whether claim or issue preclusion applies, de novo.").

*Nevada defines "final judgment" as set forth in section 13 of the Restatement (Second) of Judgments*

Before turning to the merits of this case, we must first determine what it means for a judgment to be "final" such that it is immune from the potential preclusive effects of a subsequent foreign judgment. In defining that term, we will keep in mind the purpose of the issue preclusion doctrine: "to prevent multiple litigation causing vexation and expense to the parties and wasted judicial resources by precluding parties from relitigating issues." *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994) (describing the purpose of res judicata generally, of which issue preclusion is one of two "species"), *holding modified on other grounds by Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 963 P.2d 465 (1998).

Respondents urge us to apply the definition of "final judgment" used to determine whether an order is appealable—that is, a judgment "that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as

 

attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). Appellants criticize that definition as overly narrow and point instead to the Restatement (Second) of Judgments section 13 (Am. Law Inst. 1982), which provides: "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."

This court has touched upon this definitional issue on only one occasion.[2] In *Tarkanian*, the finality of a judgment was not at issue, but this court nonetheless offered dicta as to what constitutes a "final judgment" within the context of issue preclusion. 110 Nev. at 599, 879 P.2d at 1191. We quoted Restatement (Second) of Judgments section 13 (Am. Law Inst. 1982) for the proposition that "[f]or purposes of issue preclusion . . . , 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." In citing approvingly to the Restatement's definition, *Tarkanian* affirmed this court's "long-standing reliance on the Restatement (Second) of Judgments in the issue and claim preclusion context." *Alcantara*, 130 Nev. at 261 & n.3, 321 P.3d at 917 & n.3 (listing Nevada cases that have relied on the Restatement (Second) of Judgments in the issue and claim preclusion context).

---

[2]Appellants cite to *Garcia v. Prudential Insurance Co. of America* as another case wherein this court addressed this definitional issue. 129 Nev. 15, 22 n.7, 293 P.3d 869, 874 n.7 (2013) ("It is widely recognized that the finality requirement is less stringent for issue preclusion than for claim preclusion." (internal quotation marks omitted)). In *Garcia*, however, this court was applying New Jersey issue preclusion law, *id.* at 22, 293 P.3d at 873, so it has little relevance to this case, wherein Nevada law controls.

 

According to the Restatement's definition, a judgment is final if it is "sufficiently firm." Restatement (Second) of Judgments § 13 (Am. Law Inst. 1982). The Restatement's comments provide helpful guidance as to what "sufficiently firm" means. "A judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest." *Id.* at cmt. e. "The test of finality . . . is whether the conclusion in question is procedurally definite and not whether the court might have had doubts in reaching the decision." *Id.* at cmt. g. "Finality will be lacking if an issue of law or fact essential to the adjudication of the claim has been reserved for future determination . . . ," *id.* at cmt. b, or "if the decision was avowedly tentative," *id.* at cmt. g. Factors indicating finality include (a) "that the parties were fully heard," (b) "that the court supported its decision with a reasoned opinion," and (c) "that the decision was subject to appeal." *Id.*

Of the competing definitions proposed by the parties, the Restatement's definition best effectuates issue preclusion's purpose of increasing judicial efficiency by preventing parties from relitigating issues definitively decided by a court. *See Tarkanian*, 110 Nev. at 598, 879 P.2d at 1191. The Restatement's definition achieves that purpose by according finality to any judgment a court intended to definitively resolve an issue fully litigated between parties. Under respondents' definition, by contrast, an interlocutory order could never be considered a final judgment as to an issue—even when the district court intended an interlocutory order to definitively resolve an issue.

Therefore, to the extent that this court did not formally adopt the Restatement's definition of "final judgment" in *Tarkanian*, 110 Nev. at 599, 879 P.2d at 1191, we do so now.

 

*The district court's order denying respondents' motion to dismiss was not a final judgment*

Applying the Restatement's definition to this case, we conclude that the Nevada district court's order was not a "final judgment" on the issue of demand futility.

Only one factor suggests that the order of denial could be considered a "final judgment" as to the issue of demand futility: The parties fully briefed the issue and argued it at length during a hearing on the motion to dismiss. Thus, "the parties were fully heard." Restatement (Second) of Judgments § 13 cmt. g (Am. Law Inst. 1982).

Several factors militate against this order being a final judgment on the demand futility issue. First, an order denying a motion to dismiss is not "subject to appeal." *Id.*; *see also* NRAP 3A(b) ("Appealable Determinations."). Second, the district court's decision was not "supported . . . with a reasoned opinion." Restatement (Second) of Judgments § 13 cmt. g (Am. Law Inst. 1982). Rather, the district court's order dismissed the respondents' motion without explanation.

Moreover, the district court's statements during the hearing strongly indicate that it did not intend to fully resolve the issue of demand futility.[3] Restatement (Second) of Judgments § 13 cmt. b (Am. Law Inst.

---

[3]We reject appellants' argument that this court is prohibited from examining the statements made by the district court during the hearing. The cases cited to for that proposition merely establish that a written order controls over *conflicting* statements made during a hearing. *See Canterino v. Mirage Casino-Hotel*, 118 Nev. 191, 194, 42 P.3d 808, 810 (2002); *cf. Mortimer v. Pac. States Sav. & Loan Co.*, 62 Nev. 142, 153, 145 P.2d 733, 735 (1944) (holding that a district court's formal written order controls over a conflict in the minute order). "But a court may consult the record and proceedings giving rise to another court's order, at least when the latter is

 

1982). First, the district court suggested that the complaint's allegations were lacking in particularity when it described those allegations as "conclusory." Second, the district court revealed that its decision was tentative when it stated, "[t]he allegations . . . are not the best I've ever seen, but they are not enough to merit dismissal *at this point*." (Emphasis added.) Third, the district court indicated that it intended to revisit the demand futility issue when it advised Kirsch to "beef up [his] factual allegations" if he decided to amend his complaint. Combined, these three statements show that the district court did not intend to fully resolve the demand futility issue, but instead "reserved [it] for future determination." *Id.* at cmt. b.

In sum, the district court's order denying respondents' motion to dismiss was not a final judgment on the issue of demand futility. Therefore, because that issue had not been definitively resolved by a Nevada court, the district court did not give "greater credit and respect" to a foreign court's judgment than to "the prior decree of our own state" when it accorded preclusive effect to the federal court's judgment. *Colby*, 78 Nev. at 157, 369 P.2d at 1023.

## CONCLUSION

A judgment is final within the context of issue preclusion if it is "sufficiently firm" and "procedurally definite" in resolving an issue. Restatement (Second) of Judgments § 13 & cmt. g (Am. Law Inst. 1982). In this case, the district court's order denying the respondents' motion to dismiss reserved for future determination the demand futility issue.

---

ambiguous." *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 895, 266 P.3d 602, 608 (2011).

 

Therefore, the district court correctly held that its prior order did not prohibit it from according preclusive effect to the federal court's order. Accordingly, we affirm.

_____, J.
Stiglich

We concur:

_____, J.
Cherry

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A