136 Nev., Advance Opinion 2

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRISTINA PAULOS,
Appellant,
vs.
FCH1, LLC, A NEVADA LIMITED
LIABILITY COMPANY; LAS VEGAS
METROPOLITAN POLICE
DEPARTMENT, A GOVERNMENT
ENTITY; JEANNIE HOUSTON; AN
INDIVIDUAL; AND AARON BACA, AN
INDIVIDUAL,
Respondents.

No. 74912

FILED

JAN 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court summary judgment in a tort action.
Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Affirmed in part, reversed in part, and remanded.*

Lewis Roca Rothgerber Christie LLP and Abraham G. Smith and Daniel F.
Polsenberg; Blut Law Group, APC, and Elliot S. Blut, Las Vegas,
for Appellant.

Marquis Aurbach Coffing and Craig R. Anderson and Kathleen A. Wilde,
Las Vegas,
for Respondents Aaron Baca and Las Vegas Metropolitan Police
Department.

Brandon Smerber Law Firm and Justin W. Smerber and Lewis W. Brandon,
Jr., Las Vegas,
for Respondents FCH1, LLC, and Jeannie Houston.

BEFORE THE COURT EN BANC.

20-04164

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we consider the preclusive effect of a qualified-immunity decision where the federal district court's judgment addressed both prongs of the qualified-immunity inquiry but the federal appellate court addressed only one prong to affirm the judgment. To determine the preclusive effect of the federal court judgment, we look to federal common law, which applies the reasoning set forth in the Restatement (Second) of Judgments section 27 comment o (1982) to resolve similar issue preclusion questions. The Restatement provides that when a judgment in the first court resolves two issues, either of which is sufficient to support the result, the judgment is not preclusive for both issues when the appellate court only relies on one issue to affirm the judgment. Rather, issue preclusion attaches only to the issue answered by the appellate court, not to the issue on which the appellate court was silent.

Applying the federal common law here, we conclude that because the federal district court judgment was affirmed only on the ground that the law was not clearly established, the finding that the officer's behavior was reasonable such that he did not violate a constitutional right has no preclusive effect. Therefore, we hold the Nevada district court erred in finding that issue preclusion applied to the question of whether the officer's conduct was unreasonable, and we reverse the district court's summary judgment in favor of respondent Officer Aaron Baca. We affirm the district court's summary judgment in favor of respondent Las Vegas Metropolitan Police Department (LVMPD) because it was entitled to discretionary immunity. Further, we reverse the district court's grant of summary judgment to respondents FCH1, LLC, and Jeannie Houston

because the district court provided no factual findings or basis for its conclusion.

## I.

In August 2011, appellant Cristina Paulos experienced a mental health episode while driving in front of the Palms Resort and Casino in Las Vegas that led her to cause two car accidents. After the collisions, Paulos left her car and tried to enter the driver's side of the second car she had hit, whose owner was still in the driver's seat. Officer Baca arrived at the scene of the accidents and was informed that Paulos was attempting to steal the second vehicle. Officer Baca approached Paulos, and she walked away from him. Officer Baca then ordered Paulos to stop, and she turned around and lunged at him in an attempt to grab his weapon. Officer Baca pushed Paulos away and attempted to arrest Paulos in a standing position. Paulos resisted and began yelling incoherently. Officer Baca took her to the ground and attempted to arrest her on the hot asphalt. On the ground, Paulos continued to resist the arrest. Officer Baca called on respondent Houston, a security guard at the Palms, for assistance.

The parties do not contest, and the district court accepted, that Paulos stayed on the ground for at most two minutes and forty seconds after additional officers arrived on scene. The arriving backup officers took Paulos off the asphalt and onto a grassy area. Other LVMPD officers impounded Paulos's vehicle and cited Paulos for driving while intoxicated. Paulos continued yelling and screaming at the officers. Paulos was taken to a hospital, where doctors determined she suffered from second- and third-degree burns.

In August 2012, Paulos filed suit in state court. In her complaint and amended complaints, Paulos asserted claims of negligence

and false imprisonment against FCH1[1] and Houston; a claim of negligence against Officer Baca and other LVMPD officers (the LVMPD defendants); a claim of negligent hiring, training, and supervision against LVMPD; a claim of excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 (2012) against the LVMPD defendants; and a claim of failure to train, direct, or supervise against LVMPD under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694-95 (1978). The defendants removed the case to federal district court and moved for summary judgment on the claims against them.

In federal district court, Judge James C. Mahan concluded that Officer Baca was entitled to qualified immunity because he did not violate a clearly established constitutional right. *Paulos v. FCH1, LLC*, No. 2:13-CV-1546 JCM (PAL), 2015 WL 1119972, at *9-12 (D. Nev. Mar. 12, 2015). First, he concluded that Officer Baca had not used excessive force because his "use of minimal force in restraining [Paulos] was appropriate considering the objective threat she posed and her undeniable attempt to resist arrest." *Id.* at *9. Second, Judge Mahan concluded that "there is no clearly established right against being restrained on hot asphalt for a brief period of time." *Id.* at *11. Nor did Judge Mahan find Officer Baca's conduct "so patently violative of [a] constitutional right" as to show that he should have known that restraining Paulos in that manner was unconstitutional. *Id.* at *12 (alteration in original) (quoting *Boyd v. Benton Cty.*, 374 F.3d 773, 783 (9th Cir. 2004)). Judge Mahan further held that because neither Officer Baca nor the other LVMPD officers had violated Paulos's constitutional rights, LVMPD could not be liable under *Monell*. *Id.* Having granted

---

[1]FCH1 is the name of the limited liability company for the Palms Resort and Casino.

summary judgment to LVMPD and the LVMPD defendants on the two federal claims, Judge Mahan declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice. *Id.* at *3.

Paulos appealed Judge Mahan's order to the Ninth Circuit Court of Appeals. *Paulos v. FCH1, LLC*, 685 F. App'x 581 (9th Cir. 2017). The Ninth Circuit affirmed in an unpublished order, holding that Paulos had not overcome Officer Baca's assertion of qualified immunity. *Id.* at 582. Noting the two-prong showing for overcoming qualified immunity—that (1) the officers violated a constitutional right and (2) the right was clearly established—the Ninth Circuit used its discretion to only answer prong two, concluding "[n]o decision from the Supreme Court or this Circuit clearly establishes that keeping a suspect on hot asphalt for approximately two minutes and forty seconds after backup officers arrive on the scene constitutes excessive force when the suspect does not inform the officers that the pavement is hurting her." *Id.* Additionally, the court held that Paulos had failed to establish a *Monell* claim because "she did not provide sufficient evidence of a pattern of similar, allegedly unconstitutional conduct . . . and [LVMPD's] mere failure to discipline its officers does not amount to ratification of their allegedly unconstitutional actions." *Id.* (internal quotation marks omitted).

Before the Ninth Circuit issued its disposition, but after Paulos appealed Judge Mahan's order, Paulos refiled her state law negligence claims against LVMPD, the LVMPD defendants, FCH1, and Houston, as well as her false imprisonment claim against FCH1 and Houston. LVMPD and the LVMPD defendants moved to dismiss the complaint, or, in the alternative, for summary judgment, arguing that the negligence claim

against Officer Baca was precluded because Judge Mahan had already found that Officer Baca acted reasonably and that the negligent hiring, training, and supervision claim was barred by NRS 41.032(2) discretionary immunity. The district court granted in part and denied in part the motion. First, the district court found that issue preclusion did not apply to preclude Paulos's simple negligence claim against Officer Baca because Judge Mahan "did not issue a ruling or a finding that [he] acted reasonably." Rather, Judge Mahan only addressed the issue of qualified immunity. Thus, the district court concluded that the issues were not identical and issue preclusion was not appropriate, and the district court denied the motion with respect to the negligence claim. Second, looking to federal analogues, the district court determined that NRS 41.032(2)'s "discretionary function exception barred negligent hiring and supervision claims" and that LVMPD's alleged failure to adequately train its officers fell within the scope of discretionary immunity. Thus, the district court granted the motion with respect to the claim of negligent hiring, training, and supervision.

The LVMPD defendants asked the district court to reconsider its ruling and to stay its decision pending the disposition from the Ninth Circuit, which the district court granted. Further, FCH1 and Houston, in joining Officer Baca and LVMPD's motion to reconsider, argued that Houston acted in good faith to Officer Baca's summons for assistance and that NRS 171.132 thus immunized them from the negligence and false imprisonment claims.

After the Ninth Circuit affirmed Judge Mahan's order, the district court lifted its stay. The district court then granted Officer Baca and LVMPD's motion for summary judgment on all claims. First, the

SUPREME COURT
OF
NEVADA

(O) 1947A

6

district court concluded that issue preclusion applied to the negligence claim against Officer Baca because Judge Mahan had determined that he acted reasonably under the Fourth Amendment and the issue of reasonableness under the Fourth Amendment was identical to that under Nevada negligence law. Thus, the district court found that its previous order denying summary judgment on that claim was erroneous. Second, the district court neither addressed nor reconsidered its previous ruling that discretionary immunity applied to LVMPD but simply granted the summary judgment motion. Third, the district court granted FCH1 and Houston's motion for joinder and subsequently dismissed the negligence and false imprisonment claims without providing its reasoning. Paulos now appeals.

## II.

Paulos challenges the district court's order granting summary judgment to Officer Baca because the judgment of the federal court was not final and preclusive as to whether Officer Baca acted reasonably. Further, Paulos argues the district court erred in granting LVMPD's motion for summary judgment on the claim of negligent hiring, training, and supervision of Officer Baca. Finally, Paulos argues that FCH1 and Houston cannot rely on a good-faith immunity defense for the negligence and false imprisonment claims.

## III.

A district court's decision to grant summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*

All evidence must be viewed in a light most favorable to the nonmoving party. *Id.* To withstand summary judgment, the nonmoving party cannot rely solely on general allegations and conclusions set forth in the pleadings, but must instead present specific facts demonstrating the existence of a genuine factual issue supporting the claims. *Id.* at 731, 121 P.3d 1030-31; NRCP 56.

IV.

This appeal asks us to resolve an issue of first impression. We must determine the issue-preclusive effect of a federal court decision when the federal district court judgment addressed both prongs of the qualified-immunity inquiry but the federal appellate court decision affirming the judgment addressed only one of those prongs.

Whether issue preclusion applies is a question of law that we review de novo. *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014). We apply federal law to determine the preclusive effect of a federal court decision in a nondiversity case. *Garcia v. Prudential Ins. Co. of Am.*, 129 Nev. 15, 21, 293 P.3d 869, 873 (2013). Federal issue preclusion applies when:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding.

*Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (alteration in original) (internal quotation marks omitted). Issue preclusion bars the "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892

SUPREME COURT OF NEVADA

(O) 1947A

(2008) (internal quotation marks omitted). Thus, issue preclusion will apply to prevent the relitigation of matters that parties "have had a full and fair opportunity to litigate." *Id.* (internal quotation marks omitted).

The federal court decision here concerned whether Officer Baca was entitled to qualified immunity, which involves two considerations: (1) whether the "officer's conduct violated a constitutional right[,]" and (2) whether the right violated was "clearly established," such that the officer was on notice the conduct was impermissible. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009); *see also Pearson*, 555 U.S. at 236 (providing a discretionary choice for courts to choose which prong to analyze first "in light of the circumstances in the particular case at hand"). Both prongs of this qualified-immunity inquiry must be met for the plaintiff to proceed in litigating against the officer. Judge Mahan resolved both prongs, finding that there was no violation of a constitutional right and that the right allegedly violated was not clearly established. Thus, the judgment entered by Judge Mahan was resolved on the merits. However, the judgment did not become final at that time because it was appealed to the Ninth Circuit, which affirmed the judgment only on the ground that the right was not clearly established.

Thus, the issue before us is whether the first prong of the qualified-immunity inquiry, which concerned Officer Baca's reasonableness under the Fourth Amendment, was necessarily decided in a final judgment on the merits where the federal appellate court affirmed the judgment only on the second prong. Because the underlying judgment in this matter was a federal court decision, we look to federal precedent to determine how federal courts apply issue preclusion in this context. *See Garcia v. Prudential Ins. Co. of Am.*, 129 Nev. 15, 20, 293 P.3d 869, 872 (2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

9

Federal appellate courts in a similar procedural posture that we face today have applied the Restatement (Second) of Judgments section 27 comment o (1982) to answer whether an issue is barred. *See, e.g., Dow Chem. v. U.S. Envtl. Prot. Agency*, 832 F.2d 319, 323 (5th Cir. 1987) ("'The federal decisions agree that once an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decision.'" (quoting 18 Charles Alan Wright et al., *Federal Practice & Procedure* § 4421 (1981)) (citing Restatement (Second) of Judgments § 27 cmt. o)); *see also Fairbrook Leasing, Inc. v. Mesaba Aviation, Inc.*, 519 F.3d 421, 428 (8th Cir. 2008) (relying on Restatement (Second) of Judgments § 27 cmt. o); *Masco Corp. v. United States*, 303 F.3d 1316, 1329-31 (Fed. Cir. 2002) (applying the Restatement (Second) of Judgments § 27 cmt. o).

The Restatement's view on finality is that, "[i]f the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result," and "the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination." Restatement (Second) of Judgments § 27 cmt. o (1982). This makes sense because only one issue has been finally decided. Furthermore, "[t]his result is supported by the fact that the appellate choice of grounds for decision has made unavailable appellate review of the alternative grounds," and therefore, courts should not give this alternative ground issue-preclusive effect. 18 Charles Alan Wright et al., *Federal Practice & Procedure* § 4421 (3d ed. 2016). Thus, we apply comment o to the present case and hold that Judge Mahan's determination as to the reasonableness of Officer Baca's actions is not entitled to preclusive effect.

SUPREME COURT
OF
NEVADA

(O) 1947A

Officer Baca argues that we should not "limit issue preclusion to the rulings explicitly addressed in an unpublished memorandum disposition," as Paulos had a full and fair opportunity to challenge every aspect of Judge Mahan's order. We disagree. The Restatement's issue-preclusion rule does not distinguish between published or unpublished dispositions. Furthermore, it is clear that the Ninth Circuit expressly chose to resolve only the second prong of the qualified-immunity inquiry and affirmed Judge Mahan's order because the law was not clearly established; the court did not resolve—either explicitly or implicitly—whether the officer's conduct was unreasonable, such that it amounted to excessive force. *Paulos v. FCH1, LLC*, 685 F. App'x 581, 582 (9th Cir. 2017). Because the Ninth Circuit was silent on whether Officer Baca violated Paulos's constitutional rights, we conclude that issue was not necessarily decided in a final judgment. Accordingly, the district court erred when it found that Judge Mahan's decision concerning whether the officer's conduct was unreasonable and violated a constitutional right had issue preclusive effect for Paulos's state negligence claim where she argued Officer Baca acted unreasonably. Thus, we reverse the district court's grant of summary judgment to Officer Baca and remand for further proceedings.[2]

---

[2]Paulos also argues that the district court erred in finding that the issue of reasonableness under the Fourth Amendment is identical to reasonableness under Nevada's negligence law. Though the district court did not cite any law for its conclusion, LVMPD placed particular reliance on *Belch v. Las Vegas Metro. Police Dep't*, No. 2:10-CV-00201-GMN-VCF, 2012 WL 4610803, at *11 (D. Nev. Sept. 30, 2012), in arguing that reasonableness is the same under both the Fourth Amendment and Nevada negligence law. However, we note that the holding in *Belch* has been called into question by more recent caselaw. *See Correa v. Las Vegas Metro. Police Dep't*, No. 2:16-CV-01852-JAD-NJK, 2019 WL 1639932, at *4-6 (D. Nev. Apr. 15, 2019)

## V.

Paulos next argues the district court erred in granting LVMPD summary judgment on her negligent hiring, training, and supervision claim because it could not rely on Nevada's discretionary immunity doctrine. We disagree. NRS 41.032(2) states in relevant part that no action shall be brought:

> [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

We adopted the *Berkovitz-Gaubert* test enunciated by the United States Supreme Court for determining whether acts fall within the scope of discretionary-act immunity. *Martinez v. Maruszczak*, 123 Nev. 433, 446-47, 168 P.3d 720, 729 (2007); *see also United States v. Gaubert*, 499 U.S. 315, 325 (1991); *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1998). To give rise to discretionary-act immunity, the act "must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Martinez*, 123 Nev. at 446-47, 168 P.3d at 729. Additionally, *Martinez* provided that "decisions at all levels of government, including frequent or routine decisions, may be protected by discretionary-

---

(explaining that *Belch* "looked to California law and a Ninth Circuit case applying Washington law" to find Fourth Amendment reasonableness was identical to reasonableness under Nevada negligence law, but the Ninth Circuit recently explained that the "reasonable care" standard to determine police liability in California is "distinct" from the reasonableness standard under the Fourth Amendment). Nevertheless, because we find that the district court erred in giving preclusive effect to the reasonableness determination, we need not reach Paulos's question presented here.

 

act immunity, if the decisions require analysis of government policy concerns." *Id.* at 447, 168 P.3d at 729.

In determining whether LVMPD is entitled to discretionary-act immunity from negligent hiring, training, and supervision claims, we look to federal analogues. *See id.* at 444, 168 P.3d at 727 (noting that "discretionary-function immunity under NRS 41.032(2) . . . mirrors the Federal Torts Claims Act" and should be analyzed in the same way). The Ninth Circuit and other federal courts "have held that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (citing decisions from the First, Eighth, Ninth, Tenth, and D.C. Circuit Courts of Appeals). For LVMPD "to come within the discretionary function exception, the challenged decision need not actually be grounded in policy considerations so long as it is, by its nature, susceptible to a policy analysis." *Id.* at 950-51 (internal quotation marks omitted); *see also Gaubert*, 499 U.S. at 325 ("The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.").

Here, the district court in its initial order relied on federal cases that recognize Nevada's bar to negligent hiring, training, and supervision claims. *See Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008), *aff'd*, 371 F. App'x 752 (9th Cir. 2010); *Beckwith v. Pool*, No. 2:13-CV-125-JCM (NJK), 2013 WL 3049070, at *5-6 (D. Nev. June 17, 2013). In its order granting LVMPD's motion to reconsider, the district court granted summary judgment without providing its reasoning.

 

Despite this omission, our evaluation shows the district court did not err. First, LVMPD's decision to hire and train Officer Baca involved an element of choice under prong one of the *Berkovitz-Gaubert* test. *See Vickers*, 228 F.3d at 950. Second, a decision on whether to train officers about getting suspects off the hot asphalt during summer months once it is reasonably safe to do so is subject to policy analysis, thus meeting prong two of the test. *See id.* We therefore affirm summary judgment for LVMPD.[3]

## VI.

Finally, Paulos argues that the district court erred in granting summary judgment to FCH1 and Houston, as they were not state actors entitled to immunity and no court has addressed whether they were negligent or engaged in false imprisonment. Therefore, she argues, it was error for the district court to dismiss her claims against them simply based on their joinder to Officer Baca and LVMPD's motion for summary

---

[3]Paulos cites several cases from the United States district court for the district of Nevada that have concluded LVMPD is not entitled to discretionary-act immunity for negligent training and supervision of officers. *See, e.g.*, *Wheeler v. City of Henderson*, No. 2:15-CV-1772-JCM (CWH), 2017 WL 2692405, at *5 (D. Nev. June 22, 2017) (finding that "the training and supervision of officers is not a discretionary function, but rather an operational function for which [LVMPD] does not enjoy immunity" (internal quotation marks omitted)); *Herrera v. Las Vegas Metro. Police Dep't*, 298 F. Supp. 2d 1043, 1054-55 (D. Nev. 2004) (concluding LVMPD does not enjoy discretionary-act immunity in its training and supervision decisions because "[it] assumes the obligation to ensure that its employees do not pose an unreasonable safety risk to those with whom they come into contact"); *Perrin v. Gentner*, 177 F. Supp. 2d 1115, 1125-26 (D. Nev. 2001) (reasoning LVMPD was not entitled to discretionary-act immunity because its training and supervision of officers were operational functions). However, these cases relied on pre-*Martinez* law and do not alter our analysis and conclusion.

judgment. We agree. We have previously recognized that governmental immunity does not apply to non-state actors. *See, e.g., Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 361, 212 P.3d 1068, 1077 (2009) (determining that in a 42 U.S.C. § 1983 action, qualified immunity will not apply to non-state actors but "[t]he good-faith defense may apply to private parties who become liable solely because of their compliance with government agents' request or in attempting to comply with the law"). Further, FCH1 and Houston have failed to identify, and the record does not reveal, any analysis by the district court of the claims of negligence or false imprisonment against them.[4] Rather, the district court permitted FCH1 and Houston to join Officer Baca and LVMPD's motion for summary judgment and, without explanation, granted FCH1 and Houston summary judgment dismissing Paulos' negligence and false imprisonment claims. Because the district court's grant of summary judgment is silent as to any findings of fact or conclusions of law on these issues, we are unable to conclude that the

---

[4]In their motion to join Officer Baca and LVMPD's summary judgment motion and on appeal, FCH1 and Houston argue that NRS 171.132 (providing that "[a]ny person making an arrest may orally summon as many persons as the person making the arrest deems necessary to aid him or her therein") provides them with an affirmative defense for good-faith immunity. However, as Paulos argues, FCH1 and Houston failed to assert this defense in their answer and did not request leave to amend. An affirmative defense that is not pleaded in the answer is waived. *Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 395 n.25, 168 P.3d 87, 96 n.25 (2007); NRCP 8(c)(1) (stating that "a party must affirmatively state any avoidance or affirmative defense" and listing, without limitation, such affirmative defenses). Therefore, "[a] point not [properly] urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

decision was legally correct. Accordingly, we reverse the grant of summary judgment to FCH1 and Houston and remand for further proceedings.

## VII.

In conclusion, the district court erred in granting summary judgment to Officer Baca based on issue preclusion, and we reverse and remand as to the claim against him. We affirm the district court's grant of summary judgment to LVMPD based on discretionary immunity. Additionally, we reverse and remand the grant of summary judgment to FCH1 and Houston. Accordingly, we affirm in part, reverse in part, and remand this matter to the district court for further proceedings consistent with this opinion.

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A