**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | No.   18-16857 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-02191-GMN-CWH |
| and | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| IRONSHORE SPECIALTY INSURANCE COMPANY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submission Deferred April 14, 2020
Submitted January 18, 2022[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,[***] District Judge.

Ironshore Specialty Insurance Company ("Ironshore") appeals the district court's final judgment in favor of plaintiff insurance companies (collectively, "Zurich"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.[1]

Ironshore's insurance contract with seven subcontractors included an exclusion providing (among other things) that the policy did not apply to any property damage for the subcontractors' work "performed prior to policy inception." *Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 964 F.3d 804, 807 (9th Cir. 2020). This exclusion was subject to an exception, which stated that the exclusion provision did not apply to property damage that "is sudden and

---

[***] The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

[1] We decide this appeal (referred to as *Zurich II*) concurrently with an appeal raising substantially identical issues, *Zurich American Insurance Co. v. Ironshore Specialty Insurance Co.*, ___ Fed. Appx. ___ (2022) (*Zurich I*).

accidental and takes place within the policy period." *Id.*[2]  After the seven

subcontractors were sued for work they had performed, Zurich defended and

indemnified the subcontractors, and then brought an action against Ironshore in

district court seeking contribution and indemnification for defense and settlement

costs.  The parties stipulated that all construction work at issue had been completed

before the inception of Ironshore's policy and that none of the complaints against

the subcontractors alleged that sudden and accidental damage had occurred after

the inception of Ironshore's policy.  After a bench trial, the district court ruled in

favor of Zurich on the ground that Ironshore failed to carry its burden of showing

that the exception to the exclusion was not applicable.  The final judgment that

Ironshore appeals concerned contribution and indemnification as to six of the

---

[2] The relevant exclusion provision states:

> This insurance does not apply to any "bodily injury" or "property damage":
>
> 1. which first existed, or is alleged to have first existed, prior to the inception of this policy. "Property damage" from "your work", or the work of any additional insured, performed prior to policy inception will be deemed to have first existed prior to the policy inception, unless such "property damage" is sudden and accidental and takes place within the policy period . . . .

*Id.*

subcontractors. The district court also denied Ironshore's motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

The district court erred in holding that Zurich was entitled to judgment because Ironshore failed to meet its burden of proving that the exception to the exclusion provision was not applicable. In connection with the related appeal of *Zurich I*, we certified two open questions of state law to the Nevada Supreme Court. *See Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 964 F.3d 804, 806 (9th Cir. 2020), *certified questions answered*, 497 P.3d 625 (Nev. 2021). In response, the Nevada Supreme Court held that (1) the burden "of proving the applicability of an exception to an exclusion for coverage in an insurance policy" falls on the insured, and (2) the insured "may rely on any extrinsic evidence that was available to the insurer at the time the insured tendered the defense to the insurer." *Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 497 P.3d 625, 626 (Nev. 2021).

In light of this ruling, the burden of proving that the exception to the exclusion for coverage was applicable fell on Zurich. We reject Zurich's argument that the lack of any evidence that sudden and accidental property damage occurred after the inception of Ironshore's policy is sufficient to carry Zurich's burden of proving that the exception to the exclusion is applicable, potentially or otherwise.

4

Moreover, Zurich does not ask for an opportunity to present evidence to the district court that was available to the insurer when the defense was tendered and that shows that sudden and accidental property damage occurred after the inception of Ironshore's policy.  Therefore, we reverse the district court's final judgment.[3]

**REVERSED.**

---

[3] We reject Ironshore's alternative argument that the decision in *Zurich I* in favor of Ironshore had a preclusive effect on the district court's judgment in this case.  The district court's order, entered on March 24, 2017, was a final judgment because it left "no issue of law or fact essential to the adjudication" open for future determination, *Kirsch v. Traber*, 414 P.3d 818, 821 (Nev. 2018), and it preceded the decision in *Zurich I*, which became final on August 24, 2017.